UNITED STATES of America

v.

Frank PIERORAZIO, Appellant.

UNITED STATES of America

v.

Jesse CAPPS, Appellant.

Nos. 77–1626, 77–1632.

United States Court of Appeals,
Third Circuit.

Argued March 27, 1978.
Decided May 31, 1978.

---

Stanford Shmukler, Philadelphia, Pa., for appellant Pierorazio.

Michael A. Seidman, Philadelphia, Pa., for appellant Capps.

Joel M. Friedman, Philadelphia, Pa., Attorney in Charge, Philadelphia Strike Force, William G. Otis, William C. Brown, Attys., Dept. of Justice, Washington, D.C., for appellee.

Before HUNTER, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

Defendants Frank Pierorazio and Jesse Capps were charged in a thirteen count indictment with one count of conspiracy to distribute methamphetamine (a Schedule II controlled substance) in violation of 21 U.S.C. § 846, and with several counts[1] of violating 21 U.S.C. § 843(b) by using a communication facility to facilitate the felony of possession and distribution of controlled substances (in violation of 21 U.S.C. § 841(a)), and of attempts to so possess and distribute (in violation of 21 U.S.C. § 846). After their first jury trial in January, 1977 ended in a hung jury, Pierorazio and Capps were retried on the conspiracy count, and Pierorazio was retried on two counts of violating 21 U.S.C. § 843(b).[2] The Government's evidence at trial consisted almost entirely of tape recorded telephone conversations intercepted under court order, and of expert testimony interpreting those conversations. The jury returned a verdict of guilty on all counts, and the district court entered judgments of conviction accordingly. Capps was sentenced to a two year term of imprisonment followed by a Special Parole term of two years. Pierorazio was sentenced to a three and one-half year term of imprisonment, followed by two years Special Parole, on the conspiracy count, and the same sentence on each substantive count, to be served concurrently with each other and with the sentence on the conspiracy count. Both defendants appealed.

I

Pierorazio argues on appeal that his convictions under 21 U.S.C. § 843(b), using a communications facility in the facilitation of certain felonies under subchapters I and II of Chapter 13, Title 21, United States Code, may not be sustained. He contends that the evidence adduced by the Government is insufficient to show *actual* distribution or possession, and that an actual accomplished distribution or possession must be proved in order to support a conviction for facilitation under § 843(b). In other words, it is Pierorazio's position that proof of an underlying inchoate crime, such as attempt or conspiracy to distribute controlled substances or to possess controlled substances with intent to distribute, does not suffice to support a facilitation conviction under § 843(b), and that proof of an underlying actual, consummated substantive offense is necessary. Assuming *arguendo* that the evidence is insufficient to show actual distribution or possession with intent to distribute, and at best is sufficient to show a conspiracy or an attempt to distribute or possess with intent to distribute,

---

1. Capps was charged in one count and Pierorazio in ten separate counts.

2. 21 U.S.C. § 843(b) is quoted in full in the text below.

we must nevertheless reject appellant's contention.[3]

The predecessor of 21 U.S.C. § 843(b) was former 18 U.S.C. § 1403(a) (repealed Pub.L. 91–513, Title III, § 1101(b)(1)(A), Oct. 27, 1970, 84 Stat. 1292). That section provided:

> (a) Whoever uses any communication facility in committing or in causing or facilitating the commission of, or in attempting to commit, any act or acts constituting an offense or a conspiracy to commit [various substantive narcotics offenses] shall be imprisoned not less than two and not more than five years, and, in addition, may be fined not more than $5,000. Each separate use of a communication facility shall be a separate offense under this section.

Thus, it was a federal crime to use a communications facility: (1) "in committing" any of the specified narcotics offenses; (2) "in causing or facilitating the commission" of any of those offenses; (3) "in attempting to commit" any of those offenses; and (4) in "a conspiracy to commit" any of those offenses.

Section 1403(a) was repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, and was replaced by a revised version, Pub.L. 91–513, Title II, § 403(b), 84 Stat. 1263, *codified at* 21 U.S.C. § 843(b). That section provides:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

Appellant's argument focuses on the fact that Congress, in revising the communication-facilitation statute at issue here, omitted the language "or in attempting to commit [the specified criminal acts]", and the language "or a conspiracy to commit [the specified offenses]." He urges in this regard that we accept the reasoning of *United States v. Leslie*, 411 F.Supp. 215 (D.Del. 1976), and *United States v. Harrington*, Slip Op., Crim. No. 77–86 (E.D.Pa. Feb. 23, 1978). The district courts in those cases held that Congress, by omitting the language found in former 18 U.S.C. § 1403(a) relating to *attempt* and *conspiracy*, yet by closely tracking the language of § 1403(a) in other respects, intended to restrict 21 U.S.C. § 843(b) to the facilitation of consummated crimes, and accordingly intended to omit from that statute the facilitation offense when the underlying felony consisted merely of the inchoate crimes of attempt or conspiracy. *See* 411 F.Supp. at 216–17.[4]

---

**3.** Pierorazio also contends that, even if an attempt could be the underlying felony required for a § 843(b) conviction, the evidence was insufficient to show attempt to distribute or to possess with intent to distribute. We reject this contention as well, having carefully examined the record and having concluded that the evidence was indeed sufficient to support a finding of attempt.

**4.** The district courts in *Leslie* and *Harrington* also relied in part on what they perceived to be an anomalous result if § 843(b) were construed to allow conviction when the underlying felony was an inchoate one. They noted that if for example, nine telephone conversations were charged as violating § 843(b), each one of which would be a separate offense, the defendant would be exposed to 36 years imprisonment. *See* 21 U.S.C. § 843(c). Yet if the defendant were charged with an actual distribution, he would only be subject to a prison term of five years. If no actual distribution took place, limiting prosecution to 21 U.S.C. § 846 (*i.e.* not permitting a facilitation conviction) would limit the defendant's punishment to five years, which is the maximum sentence authorized for actual distribution. *See* 411 F.Supp. at 217. The court reasoned that this result would serve "to substantially ameliorate the potential penalty for individuals who make a number of telephone calls but never succeed in accomplishing the primary societal evil against which the narcotics laws are aimed." *Id.*

We reject this reasoning. As the Government properly points out, the fact that each

We cannot accept the analysis contained in *Leslie* and *Harrington*. We believe that the approach in those two cases ignores the plain language of the statute as well as the fact that 21 U.S.C. § 846 was passed contemporaneously with the passage of § 843(b) and the repeal of former 18 U.S.C. § 1403(a).[5]

Section 843(b) makes criminal the use of a telephone "in committing, or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter [subchapter I] or subchapter II of this chapter [Chapter 13 of Title 21]." Included within subchapter I is § 846, which makes it a felony for a person to *attempt* or *conspire* to commit any offense defined in subchapter I (such as distribution or possession with intent to distribute, defined as offenses in § 841). In other words, *attempt to distribute* a controlled substance, *conspiracy to distribute* a controlled substance, *attempt to possess* a controlled substance with intent to distribute it, and *conspiracy to possess* a controlled substance with intent to distribute it, are all felonies under provisions of subchapter I. As such, they are plainly included within the terms of § 843(b). We can discern nothing in the legislative history,[6] nor has any policy been advanced, which would call for a different result.[7] Hence, the fact that particular language found in former § 1403(a) was thereafter omitted from § 843(b) does not persuade us that Congress intended to preclude a § 843(b) facilitation conviction where the underlying felony is attempt or conspiracy under § 846.

In sum, we hold that proof of an underlying inchoate crime, such as attempt or conspiracy under § 846, is sufficient to sustain a facilitation conviction under § 843(b). It is therefore not necessary that an actual, consummated distribution be shown. In reaching this result, we are in accord with all other courts of appeals which have considered this question. *E. g., United States v. Losing,* 560 F.2d 906 (8th Cir.), *cert. denied,* 434 U.S. 969, 98 S.Ct. 516, 54 L.Ed.2d 457 (1977); *United States v. Rodriguez,* 546 F.2d 302 (9th Cir. 1976); *United States v. Turner,* 528 F.2d 143, 165 (9th Cir. 1976), *cert. denied,* 434 U.S. 855, 98 S.Ct. 175, 54 L.Ed.2d 127 (1977); *United States v. Steinberg,* 525 F.2d 1126 (2d Cir.), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1975). *See United States v. Kirk,* 534 F.2d 1262 (8th Cir. 1976), *cert. denied,* 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1091 (1977); *United States v. Sisca,* 503 F.2d 1337 (2d Cir. 1974) (both *Sisca* and *Kirk* affirmed § 843(b) convictions where the underlying felony was conspiracy under § 846; neither discussed the question presented here). *See also United States v. Jones,* 545 F.2d 1112 (8th Cir. 1976), *cert. denied,* 97 S.Ct. 814, 55 L.Ed.2d 814 (1977).

Thus the district court did not err in denying Pierorazio's pre- and post-trial motions in this respect.

## II

Appellants Pierorazio and Capps have raised several other contentions on appeal. Specifically, they claim:

conversation is a separate offense "provides no sound basis for distinguishing between completed distributions, attempts, and conspiracies in determining the coverage of the statute." Government's Brief at 43 n. 30. If nine phone calls were made, the defendant would be subject to 36 years exposure under § 843(b), regardless of whether the distribution took place or whether it was never consummated.

5. We receive no guidance in our interpretation of § 843(b) from the sparse legislative history of that section. *See* H.R.Rep. No. 91–1444, 91st Cong., 2d Sess. (1970), *reprinted in* 3 [1970] U.S.Code Cong. & Admin.News, pp. 4566, 4616.

6. *See* note 4 *supra.*

7. It may be, as the *Harrington* court pointed out, that some states have enacted criminal facilitation statutes which require that the underlying felony actually be consummated (*i. e.* inchoate crimes may not support a facilitation conviction). *E. g.,* N.Y. Penal Law §§ 115.00–115.15. Absent any indication that Congress intended to adopt such an approach in § 843(b), we must follow the plain import of the statutory language.

(1) that the interception of telephone communications by Government agents violated federal law in several respects, *viz*, that the warrants for the two authorized interceptions failed to establish probable cause; that the wiretap applications failed to establish that normal investigative techniques had been tried or appeared unlikely to succeed; and that the integrity of the tapes had not been preserved since they were not properly sealed or promptly filed with the court;

(2) that the trial judge erred in failing to grant a judgment of acquittal at the close of the first trial;

(3) that the evidence was insufficient to show the existence of a conspiracy to possess and distribute methamphetamine, as charged in the indictment;

(4) that the trial court erred in permitting the jury to listen to tape recorded conversations of persons other than defendants, relating to incidents which were not charged in the indictment, and which related to counts which had been dismissed or overt acts which had been stricken;

(5) that the trial court erred in permitting the jury to use transcripts of tape recorded conversations prepared by the Government;[8]

(6) that the trial court erred in refusing to grant a mistrial where the prosecutor referred in his opening speech to damaging and prejudicial testimony of a witness he had reason to know intended to refuse to testify;

(7) that the trial court erred in limiting the cross-examination of a key Government witness;

(8) that the trial court erred in permitting a Government agent to testify to his interpretation of words overheard on tape recordings where he was not properly qualified as an expert on the subject; and

(9) that the trial court erred in refusing a mistrial after the prosecutor, in his closing speech, referred to the failure of appellants to testify or produce evidence.

Having fully reviewed the record in this case, and having carefully considered all the appellants' contentions, we conclude that these claims are without merit.

### III

The judgments of conviction will be affirmed.

---

**8.** The jury had been permitted to use the transcripts as an aid to following the tapes, but had not been permitted to take the transcripts into the jury room.