**UNITED STATES of America, Appellant,**

v.

**Charles HANNAH, a/k/a June.**

**No. 78–1398.**

United States Court of Appeals, Third Circuit.

Argued Aug. 8, 1978.

Decided Sept. 27, 1978.

Robert N. DeLuca, U.S. Atty., E. D. Pa., Ronald G. Cole, Sp. Atty., Philadelphia Strike Force, Philadelphia, Pa., for appellant; Molly Houghton Colburn, Trial Atty., U.S. Dept. of Justice, Criminal Division, Organized Crime & Racketeering Section, Philadelphia Strike Force, Philadelphia, Pa., on brief.

James F. McBride, Philadelphia, Pa., for appellee.

Before ALDISERT, VAN DUSEN and HUNTER, Circuit Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

In *United States v. Pierorazio*, 578 F.2d 48 (3d Cir. 1978), we refused to adopt the rule of *United States v. Leslie*, 411 F.Supp. 215 (D.Del.1976); instead we determined that a facilitation conviction under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 843(b), was valid if there was "proof of an underlying inchoate crime, such as attempt or conspiracy under § 846." 578 F.2d at 51.

---

This appeal by the government from a judgment n. o. v. requires us to decide whether a conviction of facilitation is possible where the prosecution based its case on the theory that the "act or acts constituting a felony" under § 843(b) was the inchoate crime of conspiracy, even though this same conspiracy was the subject of a separate count under which the defendant was acquitted. We hold that a conviction under the circumstances of this case is impermissible and we will affirm the judgment of acquittal, albeit for reasons other than those given by the district court. *See Rhoads v. Ford Motor Co.*, 514 F.2d 931, 934 (3d Cir. 1975).

## I.

Charles Hannah was the subject of an indictment in which he was charged in Count I with conspiring to distribute heroin, a Schedule I narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1), and in Count III, with violating § 843(b). Count III read as follows:

On or about the 8th day of October, 1976, at approximately 6:53 p. m. in the Eastern District of Pennsylvania, Albert Harrington and Charles Hannah, defendants herein, willfully, knowingly and intentionally, did use a communication facility, to wit: a telephone, in committing and causing and facilitating the commission of an act or acts, to wit: distribute and possess with intent to distribute controlled substances as prohibited by Title 21, United States Code, Section 841 and conspiracy to so distribute and possess controlled substances as prohibited by Title 21, United States Code, Section 846, both of which constitute felonies under Chapter 13, subchapter I, of Title 21, United States Code.

In violation of Title 21, United States Code, Section 843(b).

The government's case was based primarily on wiretapped conversations allegedly conducted in a code which was interpreted by an experienced Drug Enforcement Agent. Evidence of two such conversations was sufficient to enable the jury to infer that Hannah discussed with Albert and Joyce Harrington a trip from Philadelphia to California for the purpose of purchasing heroin. Hannah subsequently traveled to California, but when searched for drugs at the end of the trip, he had none. In Count I of the indictment the government ascribed as an overt act of the conspiracy that "[t]he defendant Charles Hannah, aka June, made a collect telephone call to Albert Harrington at a telephone number 215–657–4326 on 10/6/76 at 10:56 a. m." Appendix at 5. The government also introduced transcripts of coded conversations revealing that Hannah allegedly asked the Harringtons to hold a package of heroin for him and allegedly discussed when the transfer would occur.

The jury did not draw the inferences argued by the government in support of the conspiracy count, Count I, and returned a verdict of not guilty. The jury found Hannah guilty under the facilitation count, Count III, but, in response to a motion for judgment n. o. v., the court entered a directed acquittal in favor of the defendant. A reversal of this judgment would result in reinstating the jury's verdict without again placing the defendant in jeopardy. Since the Double Jeopardy Clause will not be violated, the government may maintain its appeal under 18 U.S.C. § 3731. *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

## II.

Section 843(b) provides:

It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds

of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

In entering the post-trial judgment of acquittal the district court reasoned that there could be no conviction under this statute if the "act or acts constituting a felony" amounted to an inchoate crime, as attempt or conspiracy. It adopted the reasoning of *United States v. Leslie, supra,* which held that in order to convict under § 843(b) the government must prove that the defendant used a telephone to facilitate a consummated substantive drug crime, rather than an inchoate or incomplete offense. The *Leslie* court concluded that the statute could not be applied to facilitation of inchoate felonies such as "attempt" and "conspiracy." Because we rejected this interpretation in *Pierorazio,* the government urges that the district court be reversed here.

But appellee's argument is much more specific. He contends that *Pierorazio* does not control when, as in this case, the government failed to prove the commission of *any* felony, choate or inchoate, in conjunction with the use of a communications facility. In *Pierorazio,* the defendant was *convicted* of conspiracy as well as facilitation; here, appellee was *acquitted* of the conspiracy count and convicted only of facilitation. Appellee urges that the statute must be interpreted in conjunction with the theory of the prosecution advanced at trial. We agree. In its post-trial brief before the district court and in its brief before us, appellee reported: "The United States Attorney at the trial of this case agreed that to convict on the substantive 843(b) Count, the jury would have to be convinced that the conspiracy outlined in Count I of the indictment, was the conspiracy being facilitated by the telephone calls." Appellee's Brief at 2. Appellee relies on this colloquy:

Government Attorney: . . . I would have no objection to the jury being charged that to convict on the substantive telephone counts, they have to be convinced that it's the same conspiracy in Count I.

The Court: Then I will.

Transcript of Trial at 704. Thereafter, the court charged:

The Court: Members of the jury, on the conspiracy definition, a person may agree to become involved in an illegal conspiracy, but unless he or someone else commits an overt act while the agreement is in effect, he is not guilty of a conspiracy. In other words his agreement to participate may end without the crime of conspiracy having been committed.

Transcript of Trial at 705.

Now, in regard to the communication—the counts involving the allegations that the defendants used communication facilities, the telephone to commit or facilitate the commission of narcotics felonies, the conspiracy, you will see that in each count of the indictment, the specific narcotic felony which the Government alleges was facilitated by the use of the telephone is set forth. Included in those is the narcotics felony of conspiracy. Wherever it refers to conspiracy or, yes, wherever these counts refer to facilitating the crime of conspiracy it refers to the conspiracy set forth in Count I and not some other conspiracy.

Transcript of Trial at 707.

Although the government has filed an appellant's brief, a reply brief, and a supplemental brief, it has nowhere disputed appellee's statement: the government's *trial* theory was that to convict under Count III, the jury had to find that the felony under § 843(b) which Hannah facilitated by telephone was the "conspiracy outlined in Count I." The government argues now, however, that other conspiracies not charged in the indictment can support the conviction. Government Reply Brief at 1–3. Obviously, the government cannot have it both ways. It cannot argue one theory before the jury at trial, to-wit, that proof of Count I was sufficient for a conviction under Count III if a telephone was used, and then upon appeal, in a period of post-trial reflection, suggest that other conspiracies, not included in Count I, could support a conviction under Count III.

At oral argument the government presented another contention—not contained in the three briefs before the court—that is related to, but distinct from, the multiple conspiracy theory. It argues that the facilitation count may be sustained, notwithstanding the acquittal on the conspiracy count, on the theory of permissible inconsistent verdicts, relying on *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *United States v. Heavlow*, 468 F.2d 842 (3d Cir. 1972), *cert. denied* 410 U.S. 933, 93 S.Ct. 1384, 35 L.Ed.2d 596 (1973); and *United States v. Vastine*, 363 F.2d 853 (3d Cir. 1966). This precept was succinctly expressed in *Vastine* as follows: "Where different offenses are charged in separate counts of a single indictment, an acquittal on one or more of the counts does not invalidate a verdict of guilty on another even where the same evidence is offered in support of each count." *Ibid.*, 363 F.2d at 854.

But the rule of these cases should not be applied unless the reason for the rule is also present. The rule was justified by Mr. Justice Holmes in *Dunn* as follows:

> Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. . . . If separate indictments had been presented against the defendant for possession [of liquor] and for maintenance of a nuisance, and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as *res judicata* of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold.

284 U.S. at 393, 52 S.Ct. at 190 (citations omitted).

As has been previously observed, because of the interdependent Count III–Count I theory presented by the government at trial, we cannot conclude that "[e]ach count in [this] indictment is regarded as if it was a separate indictment." An appellate court may properly review a criminal case on the government's appeal only on the theory submitted to the jury at trial by the prosecution. In *Dunn, Heavlow* and *Vastine*, the several counts each constituted a discrete offense. This case, however, was presented to the jury on a very limited basis: that the "acts constituting a felony" under § 843(b) in Count III were the very same acts that constituted the conspiracy alleged in Count I. Because the jury found Hannah not guilty of conspiracy, the felony relied upon by the government to satisfy the felony requirement of § 843(b), the government's case in Count III was insufficient as a matter of law. Accordingly, we will not apply the permissible inconsistent verdict rule to reinstate Hannah's conviction.

None of the other cases relied upon by the government commands a contrary result. In each, a separate conspiracy conviction accompanied the conviction under § 843(b).[1]

### III.

Our holding, it must be emphasized, is a narrow one. We do not meet the question of sufficiency of evidence under § 843(b) where, in presenting the facilitation count, the government seeks to prove the commission of an "act or acts constituting a felony" under the Comprehensive Drug Abuse Prevention and Control Act, other than the "act or acts" charged in separate and discrete counts on which the jury has returned verdicts of acquittal.

---

1. *United States v. Losing*, 560 F.2d 906 (8th Cir.), *cert. denied*, 434 U.S. 969, 98 S.Ct. 516, 54 L.Ed.2d 457 (1977); *United States v. Cheung Kin Ping*, 555 F.2d 1069 (2d Cir. 1977); *United States v. Rodriguez*, 546 F.2d 302 (9th Cir. 1976); *United States v. Kirk*, 534 F.2d 1262 (8th Cir. 1976), *cert. denied*, 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1091 (1977); *United States v. Turner*, 528 F.2d 143 (9th Cir.), *cert.* denied 423 U.S. 996, 96 S.Ct. 426, 46 L.Ed.2d 371 (1975); *United States v. Steinberg*, 525 F.2d 1126 (2d Cir. 1975), *cert. denied* 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976); *United States v. Smith*, 519 F.2d 516 (9th Cir. 1975); *United States v. Falcone*, 505 F.2d 478 (3d Cir. 1974), *cert. denied* 420 U.S. 955, 95 S.Ct. 1339, 43 L.Ed.2d 432 (1975).

The judgment of the district court will be affirmed.