**UNITED STATES of America**

v.

**Robert W. FARRAR.**

**Crim. Indictment No. J79–00001(R).**

United States District Court,
S. D. Mississippi,
Jackson Division.

April 21, 1979.

---

James B. Tucker, Asst. U.S. Atty., Jackson, Miss., for plaintiff.

Bruce H. Morris, Atlanta, Ga., Alvin M. Binder, Jackson, Miss., for defendant.

## OPINION OF THE COURT

DAN M. RUSSELL, Jr., Chief Judge.

Presently under consideration by the Court are two motions raised by the Defendant herein. An evidentiary hearing was held on March 7, 1979, in Jackson, Mississippi. The Court has had the benefit of said hearing, arguments of respective counsel and the briefs filed herein. The issues raised are now ready for determination.

■ The Defendant's first motion is to quash counts four and five of the indictment. These counts charge the Defendant with the knowing and intentional use of a communications facility in an ". . . attempt and conspiracy to manufacture and possess with intent to manufacture phencyclidinex"; all as proscribed by 21 U.S.C. § 843(b). Defendant asserts that the inchoate crimes of attempt or conspiracy are not within the ambit of 21 U.S.C. § 843(b); and that proof of the underlying, consummated substantive offense is required for a conviction thereunder. In support of this position, Defendant states that the deletion of "attempts or conspiracy" language in § 843(b) (a revision of former section 1403(a) of Title 18) reflects the Congressional intent to delete those offenses from the purview of said section.

The Court disagrees. Defendant's arguments have been raised before and rejected. The Court in *United States v. Pierorazio*, 578 F.2d 48, 51 (3rd Cir. 1978), not only held the inchoate crimes assailed herein to be punishable under § 843(b) but also rejected the revision argument asserted by Defendant herein. The same result has been reached by other Courts. *E. g., United States v. Rodriquez*, 546 F.2d 302 (9th Cir. 1976); *United States v. Turner*, 528 F.2d 143 (9th Cir. 1975). Accordingly, Defendant's motion to quash counts four and five of the indictment is overruled.

■ Defendant's next motion is to suppress the fruits of an allegedly unlawful search and seizure. Special Agent Thomas L. Dial of the Drug Enforcement Administration (D.E.A.) was the agent in charge of the investigation of Defendant herein. On January 5, 1979, Magistrate John Countiss, in Jackson, Mississippi, acting upon a filed complaint issued a warrant for the Defendant's arrest. Agent Dial, in possession of said warrant, went to Atlanta, Georgia, in search of the Defendant Farrar.

On January 9, 1979, the Defendant was observed riding as a passenger in an automobile. Agent Dial was accompanied by Agent Spillers and an agent of the Georgia Bureau of Investigation. The car in question was driven by the Defendant's wife. The agents followed the car for approximately two miles before turning on their blue, flashing lights. Agent Dial testified that when the blue lights were turned on the Defendant turned around and looked at them in pursuit. Agent Dial further testified that at this point he observed the Defendant attempting to put something under the right front seat.

Upon stopping Defendant's vehicle, the Defendant and his wife were requested to step out of the car, which they did. At that point, at 2:45 p. m., Farrar was advised that he was under arrest. The agents then read him his rights and he was immediately handcuffed. After the Defendant had been taken into custody and handcuffed, one of the agents reached under the passenger seat, extracting therefrom a brown leather purse approximately 9 inches by 12 inches in size.

Agent Dial testified that the purse was seized because the agents felt that it might contain a gun or contraband. Inspection of the purse's contents revealed $12,000.00 in cash, and two driver's licenses. One was a Georgia license issued to the Defendant Farrar. The other was a Florida license issued to one David Parsons. Answering the agents question, the Defendant responded that he was using Parson's identification because he, Farrar, had so many

speeding tickets. The Defendant then stated that he would answer no further questions until he sought advice from counsel.

The agents had no search warrant for the purse, and the Defendant refused to consent to their search of the car and its contents. Agent Dial stated he made only a cursory search of the purse's contents looking for a weapon or narcotics. Agent Dial also testified that the purse in question was zippered shut, was made of soft leather and was squeezable. He further stated that he could tell by the feel of the purse that it did not contain a gun or another object of similar nature.

The Government states that the two driver's licenses and the money will be offered in evidence at trial. The Defendant seeks to have this evidence suppressed. Defendant places principal reliance upon *United States v. Johnson*, 588 F.2d 147 (5th Cir. 1979). The Government contends the exigencies of the situation justified the warrantless search of the purse. The Defendant also asserts that the Government agents improperly seized the purse. However, in this case, the agents had an outstanding warrant for the Defendant's arrest. Also, Agent Dial testified that he had seen the Defendant on several other occasions in Richland, Vicksburg and Meridian, Mississippi; thereby increasing the probability that the passenger in the car was the same person named on the arrest warrant. Finally, as stated before, after turning on their blue lights, the agents observed the Defendant hunching over as if he were placing something under the seat of the car. Under these circumstances, the Court is of the opinion that the agents were justified in their limited search of the car and also in their seizure of the purse itself. *Cf., United States v. Humphrey*, 409 F.2d 1055 (10th Cir. 1969).

What is at issue in the case *sub judice* is the validity of the warrantless search of the purse's contents. In *United States v. Johnson, supra,* Federal Agents observed the Defendant and his confederates as they were unloading luggage from the trunk of a car onto an awaiting airplane. The approaching agents detected the odor of marijuana and observed several duffle bags, one of which was torn. The Defendants refused to consent to a search of the bags, were arrested and read their rights. Some 45 minutes after the Defendants had been arrested, a D.E.A. agent arrived at the airport and searched the duffle bag, which in fact contained contraband. The remaining bags were searched, without a warrant, at the D.E.A. office.

In *Johnson*, the Court agreed that the agents had probable cause to search, but held the search invalid since it was done without a warrant. Relying upon *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), the Fifth Circuit stated that:

> " ' . . . when no exigency is shown to support the need for an immediate search, the Warrant Clause places the line [between permissible and impermissible searches] at the point where the property to be searched comes under the exclusive dominion of police authority.' " 588 F.2d at 151 (citation omitted).

In *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), federal narcotic agents arrested the Defendants as they were placing a footlocker into the trunk of an automobile. The Defendants were arrested, and the footlocker was seized by the agents. An hour and a half after the arrest, the agents opened the footlocker, which was admittedly in their possession and control. The search was conducted without a warrant and without the Defendant's consent. As suspected, the footlocker contained contraband. Even given probable cause to seize and search the footlocker, the Supreme Court held that it was invalid since it was conducted without a warrant.

> "Once law enforcement officers have *reduced luggage* or other personal property not immediately associated with the person of the arrestee to their *exclusive control, and there is no longer any danger that the arrestee might gain access* to the property to seize a weapon or destroy evidence, a search of that property is no

longer an incident of the arrest." *Chadwick, supra,* 433 U.S. at 15, 97 S.Ct. at 2485. (emphasis added).

In the present case, the Defendant and his wife had exited the car, the Defendant was placed under arrest and read his rights. Then, one of the agents extracted the purse from underneath the passenger seat and searched its contents. At oral argument, the Government asserted that the possible destruction of the purse of its contents presented an exigent circumstance to justify the warrantless search. This Court does not agree.

The Court realizes that a search of the arrestee's person and the area "within his immediate control" is permissible. *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). However, this justification ". . . evaporates once the officers seize the luggage or other personal property and reduce it to their exclusive control." *United States v. Schleis,* 582 F.2d 1166, 1172 (8th Cir. 1978). That is what occurred in the present case. With the Defendant in custody, and the purse in their possession so that the arrestee no longer had access to it, the warrant requirement of *Chadwick, supra,* was triggered. *See, id.,* at 1172. The contents of the purse were clearly not in "plain view"; and by being closed it exhibited the Defendant's reasonable expectation of privacy. *Chadwick, supra,* 433 U.S. at 13 n. 8, 16 n. 10, 97 S.Ct. 2476. Also, the purse's construction enabled the arresting officers to determine that a weapon was not concealed therein. Moreover, in this case, after the Defendant was booked at a local jail, the United States Magistrate was notified and a hearing was set for the next morning. A warrant could have been sought at that point, with only a minimal burden on the Government.

Accordingly, based upon the foregoing authorities, and the Government's failure to show some exigency or other justification for the warrantless search, *e. g., Chadwick, supra,* 433 U.S. at 15 n. 9, 97 S.Ct. 2476, the Court is of the opinion that the Defendant's motion to exclude the aforementioned evidence is well taken and is hereby sustained.

Other Courts considering similar cases have reached like results. *See, e. g., United States v. Stevie,* 582 F.2d 1175 (8th Cir. 1978); *United States v. Jackson,* 576 F.2d 749, 753 (8th Cir. 1978).