**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eduardo ARIAS, Mario Reytan and Angel Osvaldo Minagorri, Jr., Defendants-Appellants.**

No. 80–5212
Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit B

March 16, 1981.

The parties had stipulated prior to trial that there had been an overpayment and its amount.

Atlee W. Wampler, III, U. S. Atty., Paul G. Hyman, Jr., Linda Collins Hertz, Asst. U. S. Attys., Miami, Fla., for United States.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Appellants Eduardo Arias, Mario Reytan and Angel O. Minagorri, Jr., along with another defendant, were charged with conspiracy to distribute cocaine in violation of 21 U.S.C.A. § 846 (Count I), possession with intent to distribute cocaine (Counts II & IV) and distribution of cocaine (Counts III & V) in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2. Additionally, Arias was charged with violating 21 U.S.C.A. § 843(b) by using a telephone in the commission of a felony (Counts VI & VII); Minagorri was also charged in two counts with using a telephone in the commission of a felony (Counts X & XI). A jury found Minagorri guilty of Counts I–V, X and XI; Reytan was found guilty of Counts I, IV and V. The jury found Arias guilty of Counts VI and VII but acquitted him of all the other counts. Appellants Minagorri and Reytan argue on appeal that the Government failed to prove beyond a reasonable doubt that the substance seized from them during their arrest was the controlled substance L-cocaine. Appellant Arias contends that his conviction for using a telephone in furtherance of a particular conspiracy is impermissibly inconsistent with his acquittal of all charges concerning the underlying felony. Because we conclude that these contentions are without merit we affirm.

During appellants' trial, the Government offered the expert testimony of Ms. Ivette Vallejo, a forensic chemist with the Drug Enforcement Administration [DEA], who analyzed the substances seized from Minagorri and Reytan. She described the four tests [1] she used in arriving at her conclusion

Scott T. Eber, Miami, Fla., for Arias.

H. Frank Rubio, Miami, Fla., for Reytan and Minagorri.

1. The seized substances were subjected to the following tests: (1) microscopic examination, (2) a quantitation utilizing a gas chromatograph, (3) an infrared reading, and (4) a polarimeter reading.

that the substances were L-cocaine.[2] On cross examination Ms. Vallejo admitted that she had not actually observed all of the other seven possible isomers, but that scientific theory predicts that the cocaine isomers have different chemical arrangements than L-cocaine.

■ Appellants are not challenging Ms. Vallejo's qualifications to testify as an expert, rather they contend that the data derived from the tests she utilized is unreliable since test comparisons were performed on only four of the eight known isomers of cocaine.[3] In other words, they are arguing that because Ms. Vallejo did not directly compare the seized substance with each of the known isomers of cocaine, her opinion that the seized substance was L-cocaine was based on unproven and untested facts; consequently, the Government failed to prove beyond a reasonable doubt that the substances seized were illegal under Schedule II of 21 U.S.C.A. § 812(c)(II)(a)(4).

It is clear that we must consider the evidence and all reasonable inferences therefrom in a manner most favorable to the Government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 454, 86 L.Ed. 680 (1942). Moreover, if the jury could "reasonably, logically and legally infer from the evidence presented that the L-cocaine identification was established beyond a reasonable doubt", the Government has met its burden. *United States v. Ortiz, supra*, 610 F.2d at 282. Ms. Vallejo's testimony reveals that her conclusion was supported by the four tests conducted along with accepted scientific theory of chemical distinctions between cocaine isomers that is reasonably relied on by experts in her field. *See United States v. Rosado-Fernandez*, 614 F.2d 50, 54 (5th Cir. 1980) (Polarimeter test suffi-

ciently distinguishes between L-cocaine and D-cocaine); *United States v. Ortiz, supra*, 610 F.2d at 282 (chemist's use of accepted tests and reliance on accepted scientific theory sufficient to support conviction notwithstanding chemist's failure to directly compare substance with six other isomers); *see also* Fed.R.Evid. 703. Her opinion constituted substantial evidence on which the jury could reasonably rely in reaching its verdict. We hold that the evidence introduced by the Government sufficiently established the L-cocaine identification beyond a reasonable doubt; accordingly, we affirm the convictions of Minagorri and Reytan.

■ Appellant Arias relies on a Third Circuit case, *United States v. Hannah*, 584 F.2d 27, 29 (3d Cir. 1978), to support his contention that his conviction for using a telephone in the commission, causation or facilitation of an act constituting a felony is impermissibly inconsistent with his acquittal on the other charges in the indictment. This contention fails for several reasons.

First, the Government offered DEA Agent Bumar as a witness who testified that, in his two taped telephone conversations with Arias, Arias indicated that he had several sources for cocaine other than his co-defendants. Moreover, the record does not support Arias' allegation that the Government prosecuted him on the theory that, in order for the jury to find Arias guilty of the substantive counts involving the use of the telephone, the jury would have had to have been convinced that Arias' use of the telephone facilitated the conspiracy charged in Count I.

As this Court stated in *United States v. Dubea*, 612 F.2d 950, 951 (5th Cir. 1980), "Where a multi-count verdict appears in-

---

**2.** Ms. Vallejo testified that L-cocaine, a natural derivative of cocoa leaves, is a controlled substance and that cocaine has seven other isomers that can be produced in a laboratory. Of the eight isomers (1) L-cocaine, (2) L-pseudo cocaine, (3) L-alococaine, (4) L-pseudo alococaine, (5) D-cocaine, (6) D-pseudo cocaine, (7) D-alococaine, (8) D-pseudo alococaine, Vallejo

had the spectographs of the first four isomers to compare with the seized substances.

**3.** A few of these isomers may be theoretical isomers not presently in existence. *See United States v. Ortiz*, 610 F.2d 280, 282 n.5 (5th Cir. 1980), *cert. denied*, 445 U.S. 930, 100 S.Ct. 1320, 63 L.Ed.2d 764.

consistent, the appellate inquiry is limited to a determination whether the evidence is legally sufficient to support the counts on which a conviction is returned. What the jury did with the remaining counts is immaterial." If counts in a multi-count indictment are considered separately and are supported by the evidence, a guilty verdict upon any count may stand. *United States v. Varkonyi*, 611 F.2d 84, 86 (5th Cir. 1980). Because the Government treated the counts involving the conspiracy separately from the counts involving Arias' use of the telephone to facilitate an act constituting a felony under the Comprehensive Drug Abuse Prevention and Control Act, Arias' reliance on *United States v. Hannah* is misplaced.[4] Our review of the record reflects that the evidence was sufficient to support the jury's verdict that Arias was guilty of using a telephone in the commission of a felony. Consequently, we affirm Arias' conviction.

AFFIRMED.

---

**4.** In *Hannah*, the court specifically held that the Government linked its prosecution of the defendant's use of the telephone to the underlying conspiracy charged in the other counts of the indictment and that the trial judge had instructed the jury to that effect. 584 F.2d at 29. In the present case, the district court did not instruct the jury that the act or acts constituting a felony under 21 U.S.C.A. § 843(b) related only to the conspiracy charged in Count I of the indictment; thus the jury could have reasonably inferred that Arias utilized a telephone to facilitate a felony not included in Count I.