**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Betty Lou POWELL,
Defendant-Appellant.**

**No. 82-1473.**

United States Court of Appeals,
Ninth Circuit.

Nov. 10, 1983.

Charles F. Gorder, Jr., Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Barry D. Utsinger, Utsinger & Williamson, San Diego, Cal., for defendant-appellant.

ON GOVERNMENT'S PETITION
FOR REHEARING

Before CHAMBERS, FLETCHER and NELSON, Circuit Judges.

The petition for rehearing chides us for not having discussed *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1931), and its rule that inconsistent verdicts do not require reversal, but may be viewed as a demonstration of the jury's leniency. *Id.* at 393, 52 S.Ct. at 190. This circuit follows the *Dunn* rule but, with other circuits, acknowledges that there must nevertheless be sufficient evidence to sustain the guilty verdict. *United States v. Brooklier,* 685 F.2d 1208, 1220 (9th Cir. 1982), cert. denied —— U.S. ——, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983); *United States v. McCall,* 592 F.2d 1066, 1068 (9th Cir.), cert. denied 441 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 665 (1979). One of the exceptions to the application of the *Dunn* rule [1], is the situation where the defendant is charged with violation of 21 U.S.C. § 843(b) and the underlying felony, said to have been facilitated, is reversed. *United States v. Bailey,* 607 F.2d 237 (9th Cir.1979), cert. denied 445 U.S. 934, 100 S.Ct. 1327, 63 L.Ed.2d 769 (1980); *United States v. Brooks,* 703 F.2d 1273, 1278 (11th Cir.1983); *United States v. Hannah,* 584 F.2d 27 (3rd Cir.1978).

When the prosecution tries its case on the theory that the felony of which the defendant is subsequently acquitted, is the predicate felony for the telephone facilitation counts, convictions of the latter must be reversed for lack of sufficient evidence. *United States v. Berardi,* 675 F.2d 894, 901 n. (7th Cir.1981). When, however, the government tries the case on the theory that another felony is the predicate crime, the conviction may stand. *United States v. Arias,* 639 F.2d 1183 (5th Cir.1981). The

---

1. Other exceptions to the Dunn rule are found in: *United States v. Hartzell,* 322 U.S. 680, 682 n. 3, 64 S.Ct. 1233, 1234 n. 3, 88 L.Ed. 1534 (1944) and *United States v. Williams,* 503 F.2d 50, 54 (6th Cir.1974), cases in which the acquittal of all co-conspirators required the acquittal of the sole remaining conspirator. But *cf. Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), where the

aider and abetter's conviction was left standing after the principal was acquitted. See also *United States v. Morales,* 677 F.2d 1 (1st Cir. 1982), acquittal of substantive crimes constituting overt acts required overturning of conspiracy conviction where jury was instructed without objection that proof of one or more of the overt acts was required to convict of conspiracy.

government, in its petition, says that the government "never conceded" the conspiracy was the predicate felony in this case. We are not, however, so much concerned with what it may or may not have conceded, as we are the theory upon which it presented its case to the jury. Nowhere do we find the jurors were told in the government's closing argument that the substantive crime of possession was the predicate felony. Indeed, the closing argument stresses very heavily appellant's assistance of her husband who the government contended was the "heavy" in the operation of the narcotics business.

The instructions (like the trial itself) focus on the alleged conspiracies and various other substantive crimes of which appellant was acquitted. The only attention given to the telephone facilitation counts was to read Section 843(b) and then to read one of the counts. We suspect that the reading of the count added more confusion than it did clarification. The drafting is unfortunate as it alleges facilitation of a "controlled substance offense" [sic] and then proceeds to describe that single predicate offense as the two felonies of "conspiracy to possess with intent to distribute and possession with intent to distribute cocaine."

On this record we are not willing to presume, as the government would have us do, that the jurors must have intended to find appellant guilty of having facilitated someone's possession of cocaine, apart from the conspiracy of which she was acquitted (Counts 1) and apart from the possession of which she was acquitted (Counts 9). All of the telephone conversations that the government put into evidence were offered for the purpose of establishing "the scope and course of the conspiracy" (RT 270). And each of the telephone conversations charged as offenses in Counts 3, 4 and 5 were listed as overt acts in the conspiracy charged in Count 1.

We adhere to our statement in our opinion that there is insufficient evidence to support the convictions on Counts 3, 4 and 5, 708 F.2d 455. The government's petition for rehearing is denied.