**Major STEWART, Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

**No. 83–3641.**

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1984.

Major Stewart, pro se.

Linton Carney, Jr., New Orleans, La. (court-appointed), for petitioner-appellant.

William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before GEE, REAVLEY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

This habeas corpus petition challenging the constitutional sufficiency of Major Stewart's second degree murder conviction

was denied by the district court. We affirm.

## I.

On the night of May 11, 1979, Robert Eppis was shot. According to Eppis, he was abducted by Major Stewart after a controversy over the repair of an automobile belonging to Stewart's wife. Stewart then drove him to a spot near the Mississippi River levee in Algiers, Louisiana. There Stewart robbed him of $220, threatened to kill him, and shot him twice as he fled toward the river. In due course, Major Stewart was charged with armed robbery and attempted first degree murder in connection with this crime. At trial, Stewart was convicted of attempted *second degree* murder, a proper jury response to a charge of attempted first degree murder under Louisiana's responsive verdict system.[1] On the armed robbery charge, however, the jury announced itself hopelessly deadlocked and a mistrial was declared.

At the time of this offense, Louisiana defined second degree murder as a killing committed during the commission of certain enumerated felonies:

> [the] killing of a human being when the offender is engaged in the perpetration or attempted perpetration of aggravated rape, [or other listed felonies] even though he has no intent to kill or to inflict great bodily harm.

La.Acts 1978, No. 796 *amending* La.Rev. Stat. 14:30.1.

On direct appeal, the Louisiana Supreme Court affirmed, rejecting several challenges to Stewart's conviction. Among these was that Stewart was denied due process because the jury could not have found him guilty beyond a reasonable doubt of all the elements of second degree murder, since they were unable to find him guilty on the predicate offense of armed robbery. In this habeas petition, Stewart again raises this issue, characterizing it as an attack on the sufficiency of the evidence. He also contends that he was denied due process because under the Louisiana statutes, as they were constituted at the time of his conviction, there could be no such crime as attempted second degree murder.

## II.

Stewart frames his primary argument in this court as a challenge to the sufficiency of the evidence under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which states that due process requires that an individual be convicted upon proof sufficient that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. Since the jury was unable to reach a decision on the armed robbery charge, Stewart contends that there is necessarily insufficient evidence of this predicate for an attempted second degree murder conviction. In support of this argument, Stewart relies on a number of cases in which acquittal on a separately charged predicate offense was held to preclude conviction on the primary offense. He also cites a number of decisions in which reversal was required because the defendant was convicted of mutually exclusive crimes, or a conspiracy conviction was infirm because all co-conspirators were acquitted.[2] The latter two categories are readily distinguishable from this case. In

---

1. Art. 814. Responsive verdicts; in particular
   A. The only responsive verdicts which may be rendered when the indictment charges the following offenses are:
   1. First Degree Murder:
      Guilty.
      Guilty of second degree murder.
      Guilty of manslaughter.
      Not guilty.
   La.Code Crim.Proc.Ann. Art. 814 (West Supp. 1984).

2. *See e.g. United States v. Bethea*, 483 F.2d 1024, 1029–30 (4th Cir.1973) (mutually contradictory crimes); *United States v. Williams*, 503 F.2d 50, 54 (6th Cir.1974) (all co-conspirators acquitted); *United States v. Morales*, 677 F.2d 1, 2 (1st Cir.1982) (acquittal on predicate offense); *United States v. Brooks*, 703 F.2d 1273, 1278–79 (11th Cir.1983) (acquittal on predicate offense); *United States v. Powell*, 719 F.2d 1480, 1480–81 (9th Cir.1983) (same).

the first category, without hazarding any opinion whether a different result might ensue had Stewart been *acquitted* of the armed robbery charge, the fact that the jury deadlocked rather than acquitted distinguishes this case from those cited by Stewart.

▆▆▆ The general rule in this circuit, as elsewhere, is that the jury is free to render verdicts which "are inconsistent or even the result of mistake or compromise." *United States v. Lichenstein*, 610 F.2d 1272, 1279 (5th Cir.1980), *cert. denied sub nom, Bella v. United States*, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1981). Each count of an indictment is separately considered, and if the evidence is sufficient to support a conviction under a particular count, the conviction may stand. *Id.; United States v. Romeros*, 600 F.2d 1104, 1105 (5th Cir.1979) (per curiam), *cert. denied*, 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759 (1980). The deference our system extends to jury decisions entitles the jury to return verdicts apparently based on compromise or even leniency. *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *Lichenstein*, 610 F.2d at 1280.

Stewart has not advanced any compelling argument why his case falls outside the established rule. Mr. Justice Holmes stated in *Dunn v. United States*, a seminal case in the treatment of inconsistent verdicts, "if separate indictments had been presented against the defendant ... and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as res judicata of the other." 284 U.S. at 393, 52 S.Ct. at 190, 76 L.Ed. at 359. If Stewart had been separately indicted and tried for armed robbery and a hung jury resulted in a mistrial, that could not be pleaded as res judicata to a subsequent separate indictment for attempted second degree murder. *See Downum v. United States*, 372 U.S.

734, 735–36, 83 S.Ct. 1033, 1033–1034, 10 L.Ed.2d 100, 102 (1963); *State v. Nall*, 439 So.2d 420, 425 (La.1983).

## III.

Stewart's second challenge to his conviction is in essence that he was convicted of a crime which does not exist. The Louisiana second degree murder statute quoted above states that a killing during one of the enumerated felonies is murder "even though he has no intent to kill." Louisiana's attempt statute, La.Rev.Stat. 14:27(A), on the other hand, requires specific intent to commit a crime,[3] and in Stewart's eyes there is the rub. Stewart interprets the "even though" in the second degree murder statute as entirely excluding a crime committed with intent from the coverage of that statute. Following this logic, the combination of § 14:27 and § 14:30.1 is simply not possible.

The Louisiana Supreme Court has never specifically ruled on this issue, although it has been raised several times by Justice Lemmon. In a concurrence joined by one other justice in *State v. Booker*, 385 So.2d 1186 (La.1980), Justice Lemmon advanced essentially the same argument that Stewart advances here. *Id.* at 1193. In 1982, however, writing for the majority in *State ex rel. Elaire v. Blackburn*, 424 So.2d 246 (La.1982) the Justice noted:

The author is now convinced that there is such a crime as attempted second degree murder ... since the definition of attempted second degree (felony) murder may reasonably be construed to include the conduct of one who either does or does not specifically intend to kill .... [I]t is reasonable to assume that use of the words "even though" (rather than "when") signaled a legislative intent for the statute to apply when the homicide was *either* intentional or unintentional.

*Id.* at 250 n. 11. (emphasis in original).

▆▆▆ Thus as a matter of Louisiana law, the crime of attempted second degree

---

**3.** Section 27. Attempt

    A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward

the accomplishing of his object is guilty of an attempt to commit the offense intended ....
La.Rev.Stat. 14:27.

murder includes the commission of a homicide with intent. No due process problem with regard to the sufficiency of the notice is presented, since the Louisiana statutes inform the accused of every element of the crime with which he is charged.

The denial of habeas corpus is therefore AFFIRMED.