**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Isaac D. MILTON, Defendant–Appellant.**

Nos. 94–6002, 94–6072.

United States Court of Appeals,
Tenth Circuit.

Aug. 16, 1995.

Submitted on the Briefs.*

Rozia McKinney–Foster, U.S. Atty., Leslie M. Maye and Kim Taylor, Asst. U.S. Attys., Oklahoma City, OK, for plaintiff-appellee.

Richard D. Laquer, Oklahoma City, OK, for defendant-appellant.

Before KELLY, McWILLIAMS and GODBOLD,† Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Defendant Isaac Milton appeals his conviction for the use of a telephone to facilitate distribution of cocaine base, in violation of 21 U.S.C. § 843(b). Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

## Background

Mr. Milton was arrested and charged with conspiracy to distribute cocaine and/or cocaine base, in violation of 21 U.S.C. § 846, and the use of a telephone to facilitate distribution of cocaine base, in violation of 21 U.S.C. § 843(b). He was subsequently tried by a jury and acquitted on the conspiracy charge, but convicted on the telephone charge.

Mr. Milton appeals, arguing that the indictment was deficient, thus depriving him of both his Sixth Amendment right to be apprised of the charges against him and his Fifth Amendment right to establish a record to defend against the possibility of double jeopardy. Mr. Milton further argues that one of the jury instructions contained a deficient statement of the elements required for conviction under 21 U.S.C. § 843(b). During the trial, however, Mr. Milton failed to object to either the indictment or the challenged jury instruction.

## I. Sufficiency of the Indictment

■ In the absence of an objection to the indictment at trial, we review for plain error. *United States v. Patterson,* 20 F.3d 809, 814 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 128, 130 L.Ed.2d 72 (1994). In a plain error analysis, we consider the trial record as a whole to determine whether the alleged error seriously affected the fairness of the trial. *United States v. Carter,* 973 F.2d 1509, 1515 (10th Cir.1992) (citing *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985)), *cert. denied,* —— U.S. ——, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993).

Mr. Milton argues that the telephone count against him was deficient. The challenged count reads:

On or about April 8, 1993, at Oklahoma City, Oklahoma, within the Western Judicial District of Oklahoma,—RAYMOND LADELL SLOAN, a/k/a R–Loc; and

† The Honorable John C. Godbold, Senior United States Circuit Judge–Eleventh Circuit, sitting by designation.

ISAAC MILTON, a/k/a/ Tek–9, a/k/a/ T.C.,—the defendants herein, knowingly and intentionally did use a communication facility, that is, a telephone, in facilitating the knowing and intentional distribution of cocaine base, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 841(a)(1), in that RAYMOND LADELL SLOAN, a/k/a R–Loc, and ISAAC MILTON, a/k/a Tek–9, a/k/a T.C., used said telephone to discuss the acquisition and distribution of cocaine base.

Specifically, Mr. Milton claims that the government's failure to allege the facilitation of a specific distribution of cocaine base violates his constitutional rights. We disagree.

■ The Supreme Court has held that a facilitation conviction may stand even where the defendant is acquitted on the underlying felony. *United States v. Powell*, 469 U.S. 57, 67–69, 105 S.Ct. 471, 478–479, 83 L.Ed.2d 461 (1984). Moreover, in *United States v. Reed*, 1 F.3d 1105, 1108–09 (10th Cir.1993), we held that to sustain a facilitation conviction under § 843(b), it was not necessary to prove an actual distribution, at least where the defendant was also convicted of conspiracy. *See also United States v. Watson*, 594 F.2d 1330, 1343 (10th Cir.), *cert. denied*, 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979). The *Reed* indictment, however, merely recited that defendant used a telephone to facilitate the commission of a drug felony in violation of 21 U.S.C. § 843(b). *Reed*, 1 F.3d at 1108. In Mr. Milton's case the indictment went considerably further in detailing the alleged conduct. It is unnecessary for an actual, consummated distribution to be alleged in the indictment. *See id.*

The challenged count sets out the date the communication occurred, the type of communication facility used, the context of the discussion that ensued, the controlled substance involved, and the type of felony facilitated. The count adequately informed Mr. Milton of the charge against him so that he could prepare a defense and guard against the possibility of future prosecutions for the same offense. *See United States v. Keck*, 773 F.2d 759, 763–64 (7th Cir.1985).

## II. Sufficiency of the Jury Instructions

■ Mr. Milton argues that Instruction 35 is deficient because it does not require the government to prove the underlying felony facilitated by the use of the telephone. Since Mr. Milton failed to object to the challenged instruction at trial, we review the instruction for plain error affecting Mr. Milton's right to a fair and impartial trial. *United States v. Smith*, 13 F.3d 1421, 1424 (10th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 209, 130 L.Ed.2d 138 (1994). In order to constitute plain error, the error of the district court must be "obvious and substantial." *Cartier v. Jackson*, 59 F.3d 1046, 1050 (10th Cir. 1995). The substantiality prong requires that the Defendant prove prejudice attributable to the error. *United States v. Williamson*, 53 F.3d 1500, 1521 (10th Cir.1995) (quoting *United States v. Olano*, —— U.S. ——, ——, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993)), *cert. denied*, —— U.S. ——, 116 S.Ct. 218, —— L.Ed.2d —— (1995).

■ In *United States v. Watson*, we held that proof of facilitation of the underlying offense was sufficient to sustain an 843(b) conviction. *Watson*, 594 F.2d at 1342–43. Proof of actual distribution is unnecessary to uphold such a conviction. *Reed*, 1 F.3d at 1108. In *Reed*, we adopted the Third Circuit's holding that proof of an underlying inchoate felony such as attempt or conspiracy to distribute a controlled substance is sufficient to sustain a conviction under 843(b). *Id.* at 1108 (citing *United States v. Pierorazio*, 578 F.2d 48, 51 (3d Cir.), *cert. denied*, 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 652 (1978)). Moreover, as noted earlier, the Supreme Court has held that even if a defendant is acquitted on the underlying felony, a facilitation conviction may still stand. *Powell*, 469 U.S. at 69, 105 S.Ct. at 479.

■ The challenged instruction required the government to prove beyond a reasonable doubt "(1) that the defendant used a communication facility to facilitate a knowing and intentional distribution of a Schedule II controlled substance as charged in the count under consideration; and (2) that the defendant did so knowingly and intentionally." Aplt. Brief at 11–12. To obtain a conviction

under 21 U.S.C. § 843(b), "the government must prove (1) knowing or intentional (2) use of a communications facility (3) to commit, cause or facilitate the commission of a drug felony." *United States v. Willis,* 890 F.2d 1099, 1103 (10th Cir.1989). These requirements are adequately set forth in the challenged instruction.

Furthermore, Defendant has failed to make an adequate showing of how he was prejudiced by the jury instruction. In light of the holdings previously noted, the text of the instruction, and the failure of the Defendant to show prejudice, we hold that it was not an obvious and substantial error for the district court to submit the challenged instruction to the jury. Accordingly, we do not find plain error.

AFFIRMED.