**UNITED STATES of America**

v.

**PINE, Frank, III, Appellant.**

**No. 79–1352.**

United States Court of Appeals, Third Circuit.

Argued Sept. 19, 1979.

Decided Nov. 5, 1979.

Alan I. Moldoff (argued), Robert I. Ansell, Anschelewitz, Barr, Ansell & Bonello, P. C., Oakhurst, N. J., for appellant.

Kenneth N. Laptook (argued), Maryanne T. Desmond, Asst. U. S. Attys., Robert J. Del Tufo, U. S. Atty., Newark, N. J., for appellee.

Before ADAMS, VAN DUSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

This is an appeal by Frank Pine, a branch manager of the Bank of West Jersey, from a jury verdict finding him guilty on one count of conspiring to travel or use facilities in interstate commerce with the intent to receive bribes in violation of 18 U.S.C. § 371 (1976) and on one count of traveling or using facilities in interstate commerce with the intent to receive bribes in violation of 18 U.S.C. § 1952 (1976). The trial judge sentenced Pine to three years in prison and fined him a total of $10,000. The most serious issue which Pine raises on appeal is whether the trial judge's charge to the jury deprived him of his constitutional right not to be convicted except upon proof beyond a reasonable doubt. We conclude that the judge's charge to the jury did not deprive Pine of his constitutional rights. Finding no merit in his other contentions, we affirm.

## I.

■ Recognizing that a criminal conviction may result in the loss of personal liberty and will surely result in the stigmatization of the accused, the Supreme Court has held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). The requirement of proof beyond a reasonable doubt is a necessary and fundamental part of our system of criminal justice. Without such a requirement, the state would be free to impose its most severe sanctions when reasonable doubt remained as to the guilt or innocence of a person accused of a crime. In a system like ours which places great importance in the rights of the individual, such a result would be intolerable. Moreover, to allow an individual to be convicted of a crime when reasonable doubt remained as to that person's guilt or innocence, would seriously undermine the moral force and integrity of our criminal law. Therefore, it is with the greatest care and concern that we examine appellant's contention that the trial judge's charge to the jury deprived him of his constitutional right not to be convicted except upon proof beyond a reasonable doubt.

## II.

In his charge to the jury, the trial judge instructed the jurors as follows:

Fundamentally, this case, as most cases do, involves the question of fact. The basic question is whether the Government's witnesses are telling the truth or whether the defendants and their wit-

nesses are telling the truth. Your basic task is to evolve the truth.

Record at 126.

Soon thereafter, he additionally instructed the jury:

In this case, as in every criminal case, a defendant is presumed to be innocent until he is proved to be guilty. Thus a defendant, although accused, begins the trial with a clean slate, so to speak, with no evidence against him. This presumption of innocence continues until overcome by proof establishing guilt beyond a reasonable doubt. The burden of proving every essential element is upon the Government and always upon the Government. That burden never shifts but rests upon the Government throughout the entire case. It is not required that a defendant prove his innocence. The law never imposes upon a defendant the burden or duty of calling any witnesses or producing any evidence. If there be a reasonable doubt whether the defendants are guilty, they are to be declared not guilty.

*Id.* at 128–29.

■ In recent years the Court of Appeals for both the First and Fifth Circuits have expressed their disapproval of jury instructions which, like the first jury instruction set out in this opinion, tend to dilute and thereby impair the constitutional requirement of proof beyond a reasonable doubt. In *United States v. Oquendo*, 490 F.2d 161 (5th Cir. 1974), the Fifth Circuit held that the district court "committed reversible error by repeatedly casting the jury's ultimate determination of whether to convict or acquit in terms of a mere credibility choice between the informer and appellant." 490 F.2d at 165. Although the trial judge in this case issued such an instruction only once, there can be no doubt that the meaning of the instruction runs counter to the requirement of proof beyond a reasonable doubt. In *United States v. Guest*, 514 F.2d 777 (1st Cir. 1975), the First Circuit upheld a conviction where the district court issued a single jury instruction which framed the jury's determination in terms of an assessment of credibility. However, the court cautioned that "[t]o discuss credibility specifically in terms of choosing between government witnesses and a defendant's is . . . to invite 'the jury to treat the matter of proof as a fair fight between the United States and [defendant] rather than as one weighted in his favor by the reasonable doubt rule.'" 514 F.2d at 780, *quoting United States v. Oquendo, supra*, 490 F.2d at 166 (Gee, J., concurring).

■ Last year this court stated that "district courts in this circuit shall not use language in instructions that reasonably can be interpreted as shifting the burden to the accused to produce proof of innocence." *United States v. Garrett*, 574 F.2d 778, 783 (3rd Cir.), *cert. denied*, 436 U.S. 919, 98 S.Ct. 2265, 56 L.Ed.2d 759 (1978). We now add to that rule the requirement that district courts in this circuit not use language in instructions which can be understood as diluting or in any way impairing the constitutional requirement of proof beyond a reasonable doubt.

■ When an instruction is given which, taken by itself, may dilute or otherwise impair the requirement of proof beyond a reasonable doubt, we must examine whether the charge, taken in its entirety, deprives the accused of his constitutional rights. As the Supreme Court stated in *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368, 373–74 (1973), "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." We note, however, as the Supreme Court recognized in *Cupp*, that a single instruction may by itself rise to the level of constitutional error. 414 U.S. at 147, 94 S.Ct. at 400, 38 L.Ed.2d at 373–74. The proper test is not simply to determine the number of times that an improper instruction appears in the charge to the jury, although repetition of error surely compounds it's undesired effects. Rather, the test is to determine the effect of an improper instruction on the jury's understanding of the law.

■ After carefully examining the trial judge's charge to the jury in its entirety, we conclude, in light of the trial judge's full and forceful charge on the requirement of proof beyond a reasonable doubt, that, on the facts of this case, the appellant was not denied his constitutional right to be convicted only upon proof beyond a reasonable doubt. We caution that our determination in this case should not be understood as approval in any way whatsoever of instructions which tend to dilute or in any other way impair the constitutional requirement of proof beyond a reasonable doubt.

### III.

Appellant also contends (1) that the trial judge improperly limited cross examination of the government's principal witness; (2) that the prosecutor improperly commented on the conditions of the principal witness's plea bargain with the government; and (3) that the trial judge's instructions to the jury contained irrelevant, unnecessary, repetitious, and abstract charges. We have reviewed the record and find no merit in these contentions.

Accordingly, the judgment of the district court will be affirmed.