UNITED STATES of America

v.

Donald JOHNSTONE, Appellant.

No. 87–1606.

United States Court of Appeals,
Third Circuit.

Argued July 11, 1988.

Decided Sept. 6, 1988.

Rehearing and Rehearing In Banc
Denied Sept. 30, 1988.

Gilbert J. Scutti (argued), Philadelphia, Pa., for appellant.

Jeanne K. Damirgian (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before SLOVITER, SCIRICA and WEIS, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

In this appeal, Donald Johnstone challenges his jury conviction of offenses under the Comprehensive Drug Abuse Prevention and Control Act (Controlled Substances Act), specifically, 21 U.S.C. § 846 (1982) (conspiracy), and 21 U.S.C. § 843(b) (using a telephone to facilitate a conspiracy to distribute methamphetamine, and to facilitate the distribution of methamphetamine).

**540**

Johnstone claims a violation of his Fifth Amendment right to indictment by a grand jury because the indictment did not allege his specific role in the conspiracy. He also challenges his convictions of using a telephone to facilitate the distribution of methamphetamine, maintaining that the government failed to prove an actual distribution. Furthermore, he contends that the district court selected, and improperly instructed the jury in accordance with, an incorrect standard concerning the burden of proof on the underlying drug felonies.

The district court sentenced Johnstone to three years imprisonment for the conspiracy conviction, five years probation and a $2,000 fine for conviction of illegal use of a telephone to facilitate the conspiracy, and a suspended sentence for each conviction of use of a telephone to facilitate the distribution of methamphetamine. The district court imposed a $50.00 special assessment on each of Johnstone's four convictions.

### I. *The Conspiracy Conviction*

Count two, the conspiracy count of the indictment, provided:

THE GRAND JURY FURTHER CHARGES THAT: From in or about January of 1985, and continuing thereafter to on or about December of 1986, in the Eastern District of Pennsylvania, defendants

GEORGE WETTON

KENNETH SCHWARTZ,
  a/k/a "Kenny"

PAUL HERIEGEL

JAMES KIRBY,
  a/k/a "Steve"

NANCY KELLY

DARLENE WETTON and

DONALD JOHNSTONE

did knowingly and intentionally conspire, combine and agree together and with each other, and with other persons known and unknown to the grand jury, to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)....

Appendix for Appellant at 3 (redacted indictment). Under the indictment, the plan and purpose of the conspiracy was to acquire, cut, bag and distribute large quantities of methamphetamine on a cash or consignment basis to other dealers. The indictment also detailed the specific conspiratorial roles of five of Johnstone's co-defendants, but not Johnstone's role.

Johnstone contends that by not mentioning his specific role, count two of the indictment was unconstitutionally vague. Because he was convicted largely on the basis of the testimony of one of his co-defendants, Nancy Kelly, who did not testify before the grand jury, he claims that the grand jury never considered the theory of culpability that resulted in his conviction. For reasons that follow, we hold that Johnstone's Fifth Amendment right to indictment by a grand jury was not violated.

First, Johnstone's argument misperceives the function of the grand jury and ignores the respective roles of a grand jury and a fact finder at trial. The grand jury is a "safeguard against unfounded accusations." S. Beale & W. Bryson. *Grand Jury Law and Practice* § 1:07 at 35 (1986); *see United States v. Calandra*, 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974). The trier of fact, on the other hand, must determine whether the evidence presented establishes beyond a reasonable doubt every fact necessary to prove the offense. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); *United States v. Wexler*, 838 F.2d 88, 90 (3d Cir.1988); *see also United States v. Pine*, 609 F.2d 106, 107 (3d Cir.1979). Obviously, the burden of proof at trial may require the presentation of evidence additional to that presented before the grand jury. The fact that testimony presented at trial was not presented to the grand jury does not make an otherwise valid indictment constitutionally infirm.

Second, Johnstone does not contend that the grand jury lacked probable cause to indict him for conspiracy, but only that the lack of specificity in the indictment allowed the government to obtain a conviction based on a factual theory not present-

ed to the grand jury. In order to address this contention, we must review the record, and in particular the testimony of Nancy Kelly, one of Johnstone's co-defendants who pleaded guilty and testified as a government witness. Specifically, we examine Kelly's testimony to determine whether it corresponded to the conspiracy charged in the indictment. *See United States v. Miller,* 471 U.S. 130, 136, 105 S.Ct. 1811, 1815, 85 L.Ed.2d 99 (1985).

The drug operation in this case, principally the distribution of methamphetamine, was headed by George Wetton, another of Johnstone's co-defendants. Besides having several other persons "cook," distribute and collect money for illegal sales, Wetton himself cooked methamphetamine, supplied the raw materials to produce the drug, and arranged for storage of those materials and the finished "product". *See* Supp.App. at 23–27a, 33a (Kelly testimony).

Kelly's admitted role in the drug operation was to pick up money for Wetton. Supp.App. at 22a. She testified that Wetton told her that Johnstone was "working for him now," and that Wetton was not lawfully employed from October, 1985 to October, 1986. She also testified that around October, 1986, after Johnstone called Wetton's house, Supp.App. at 37–38, Wetton told her that he had to make sure Johnstone picked up a package at Wetton's wife's house. According to Kelly, the package contained methamphetamine. Supp.App. at 44–48. Furthermore, she testified that George Wetton's stepson, George, told her that Johnstone picked up a package in October, 1986. Supp.App. at 50. Finally, the record indicates several phone calls between Johnstone and Wetton during the time of the conspiracy alleged in the indictment. *See* Supp.App. at 108, 109, 112 (transcripts of telephone logs).

The evidence presented at trial, and Kelly's testimony in particular, outlined Johnstone's participation in the conspiracy charged in the indictment—*i.e.* a conspiracy to distribute methamphetamine between January, 1985 and December, 1986. There was no variance between the indictment and the proof. *Cf. United States v.*

*Adams,* 759 F.2d 1099, 1110 (3d Cir.) (holding that variance, although harmless, occurred where proof at trial included evidence of defendants' involvement with a drug not listed in indictment), *cert. denied,* 474 U.S. 906, 106 S.Ct. 275, 88 L.Ed.2d 236 and 474 U.S. 971, 106 S.Ct. 336, 88 L.Ed.2d 321 (1985). "Convictions generally have been sustained as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment." *Miller,* 471 U.S. at 136, 105 S.Ct. at 1815 (deciding whether Fifth Amendment prohibits conviction under 18 U.S.C. § 1341 when proof at trial corresponded to fraudulent scheme narrower than that alleged in indictment); *see also United States v. Castro,* 776 F.2d 1118, 1121–23 (3d Cir.1985) (upholding conviction where evidence at trial established conspiracy narrower than that alleged in indictment), *cert. denied,* 475 U.S. 1029, 106 S.Ct. 1233, 89 L.Ed.2d 342 (1986).

Third, the indictment was not facially defective. An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and ... enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974) (citations omitted); *see also United States v. Scanzello,* 832 F.2d 18, 22 (3d Cir.1987); *accord United States v. Tavelman,* 650 F.2d 1133, 1137 (9th Cir.1981), *cert. denied,* 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982).

Those criteria are met here. The statute under which Johnstone was charged covers "[a]ny person who attempts or conspires to commit any offense defined in this subchapter." 21 U.S.C. § 846. Count two, alleging that Johnstone knowingly and intentionally conspired with his co-defendants to distribute methamphetamine, a controlled substance the distribution of which is prohibited under 21 U.S.C. § 841(a)(1), then, contained every element of the offense charged under § 846. *See United States v. Morgan,* 835 F.2d 79, 82 (5th Cir.1987). Furthermore, the indictment

specified both the time frame and the geographical area of the conspiracy. It also specified the purpose of the conspiracy, and described the role of several of Johnstone's co-defendants. That information was sufficient to inform Johnstone of the conspiracy charged and to enable him to plead double jeopardy in future prosecutions for the same offense.[1] *See Tavelman,* 650 F.2d at 1137; *United States v. Smith,* 692 F.2d 693, 696 (10th Cir.1982); *United States v. Hultgren,* 713 F.2d 79, 89 (5th Cir.1983).

The fact that the indictment does not specifically allege the role played by Johnstone in carrying out the conspiracy is not significant in this case. It is neither an element of 21 U.S.C. § 846 nor a constitutional requirement that a defendant have committed an overt act in furtherance of the conspiracy. *United States v. Bey,* 736 F.2d 891, 894 (3d Cir.1984).

In these circumstances, we hold that Johnstone was not deprived of his Fifth Amendment right to be indicted by a grand jury.

## II. *Illegal Use of a Telephone*

Johnstone was convicted of three counts of use of a telephone in facilitating the commission of drug felonies. *See* 21 U.S.C.

§ 843(b). The underlying drug felony specified in counts twenty-seven and twenty-eight was the distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). In count thirty-one, the underlying drug felony was conspiracy in violation of 21 U.S.C. § 846.

■ Johnstone contends that the district court erred by instructing the jury that it need only find that the underlying drug felony (distribution or conspiracy) was committed by a preponderance of the evidence rather than beyond a reasonable doubt.[2]

Because the issue is one of law, our review is plenary.[3] *Connecticut Mutual Life Ins. Co. v. Wyman,* 718 F.2d 63, 65 (3d Cir.1983) (district court's refusal to give requested charge because of disagreement with counsel's interpretation of applicable law is subject to plenary review); *see also Chrysler Credit Corp. v. First Nat'l Bank,* 746 F.2d 200, 202 (3d Cir.1984) (in cases of statutory construction, our review is plenary).

In order to obtain a conviction under 21 U.S.C. § 843(b), the government must prove (1) knowing or intentional (2) use of a communication facility (3) to commit, cause or facilitate the commission of a drug felo-

---

1. We note that Johnstone now concedes that the district court cured any potential notice problems by allowing defense counsel to interview Kelly, and limiting her testimony to accord with the facts charged in the indictment. *See* Johnstone brief at 8. The additional information, although it cannot " 'save an otherwise invalid indictment, … can serve to give adequate notice for trial preparation….' " *United States v. Smith,* 692 F.2d 693, 696–97 (10th Cir.1982) (citation omitted) (discussing bill of particulars).

2. The relevant portions of the district court's charge on § 843(b) are as follows:

   In order to meet its burden of proof … [under § 843(b) ], the Government must also prove [*i.e.* in addition to the other elements just described], that as to this it is by a preponderance of the evidence, not by proof beyond a reasonable doubt, that the crime allegedly facilitated by each telephone call was actually committed….

   You must … find by a preponderance of the evidence that the actual crime allegedly made easier or helped by the telephone call; that is to say either a distribution of metham-

phetamine or a conspiracy to distribute[,] was actually committed.

Unless you find all three elements, phone call, facilitating, and by the necessary burden of proof, an underlying crime for each offense, you cannot convict any defendant for this offense.

Bear in mind that the first two elements, the making of a phone call and the facilitations, are to be proved by the Government beyond a reasonable doubt.

The additional element[,] that is proof of the underlying crime, whether it be a distribution or a conspiracy, need only be proved by a preponderance of the evidence.

Appendix at 100–01 (jury charge).

3. Because the district court imposed a fifty dollar special assessment on each of counts twenty-seven and twenty-eight, the concurrent sentence doctrine, to the extent it remains viable in this Circuit, *see United States v. Clemons,* 843 F.2d 741, 743 n. 2 (3d Cir.1988), does not preclude our review of Johnstone's convictions under those counts. *Ray v. United States,* 481 U.S. 736, 107 S.Ct. 2093, 95 L.Ed.2d 693 (1987).

ny.[4] The occurrence of the underlying drug felony is a fact necessary to finding a violation of § 843(b).[5] Because "the Due Process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged," *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), we hold that the drug felony allegedly facilitated by the use of a telephone in violation of § 843(b) must be proved not by a preponderance of the evidence, but beyond a reasonable doubt.

By so holding, we expressly disagree with other courts of appeals that have stated that the government's burden of proof on that element of § 843(b) is a preponderance of the evidence. Indeed, the government, although initially contending that the proper burden of proof was a preponderance of the evidence, now concedes that those courts were incorrect on that issue. The government now states, as we hold, that the underlying offense must be proved beyond a reasonable doubt. *See* Letter from the U.S. Attorney for the Eastern District of Pennsylvania (July 14, 1988) (received after oral argument). Despite the government's concurrence, we think it appropriate to review those earlier cases.

The first case to address this issue was *United States v. Rey*, 641 F.2d 222 (5th Cir.), *cert. denied* 454 U.S. 861, 102 S.Ct. 318, 70 L.Ed.2d 160 (1981), in which the Court of Appeals for the Fifth Circuit stated in dictum, in a footnote, that "[t]he elements of proof for the § 843(b) facilitation count are (1) knowing or intentional (2) use of a telephone (3) to facilitate the commission of an offense.... Whatever underlying offense is charged must be proved by a preponderance of the evidence, even though it is not separately charged." [6] 641 F.2d at 224 n. 6. The court made that statement without analysis or citation to legislative history. Furthermore, the cases cited as support for that proposition are inapposite, as shall be demonstrated.

In *United States v. Watson*, 594 F.2d 1330 (10th Cir.), *cert. denied* 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979), the Court of Appeals for the Tenth Circuit upheld the defendants' convictions under § 843(b) for facilitation of unlawful possession of controlled substances. In finding the evidence sufficient to support the convictions, the court did not determine the appropriate standard of proof. The court stated only that "there was evidence of actual possession with intent to distribute and of circumstantial evidence from which it could be inferred that the defendants' calls facilitated that unlawful possession." 594 F.2d at 1343. We find no support in *Watson* for the preponderance standard.

In *United States v. Thomas*, 586 F.2d 123 (9th Cir.1978), the Court of Appeals for the Ninth Circuit upheld a conviction under § 843(b) where the underlying offense was conspiracy to distribute heroin. The court held that it was not necessary to prove that the conspiracy's objectives had been accomplished (*i.e.* that the heroin was actually

---

**4.** 21 U.S.C. § 843(b) provides:

It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term 'communication facility' means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

**5.** *See United States v. Pierorazio*, 578 F.2d 48, 51 (3d Cir.) ("[W]e hold that proof of an underly-

ing inchoate crime, such as attempt or conspiracy ..., is sufficient to sustain a facilitation conviction under § 843(b)."), *cert. denied,* 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 652 (1978); *see also United States v. Thomas,* 586 F.2d 123 (9th Cir.1978) (proof of inchoate crime of conspiracy as underlying felony in § 843(b) prosecution is sufficient).

**6.** Because it lacked jurisdiction, the court did not address whether the proof in that case satisfied the preponderance standard. In view of the lack of jurisdiction, the court had no occasion to address the appropriate burden of proof concerning the underlying drug felony under § 843(b), and its statement on that issue is dictum.

distributed); it was sufficient under § 843(b) that the conspiracy was proved. 586 F.2d at 130–31. There was no discussion of the burden of proof concerning the underlying offense.

Finally, *Rey* cites two opinions by this court, *United States v. Hannah,* 584 F.2d 27 (3d Cir.1978), and *United States v. Pierorazio,* 578 F.2d 48 (3d Cir.), *cert. denied,* 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 652 (1978). In *Hannah,* we affirmed the district court's judgment of acquittal n.o.v. on the § 843(b) count "[b]ecause the jury found Hannah not guilty of conspiracy, the felony relied upon by the government to satisfy the felony requirement of § 843(b) ... [Therefore], the government's case in Count III [the § 843(b) count] was insufficient as a matter of law." 584 F.2d at 30. We did not address the applicable standard in determining the occurrence of the underlying offense.

If anything, our decision in *Hannah,* although rejected by the Supreme Court for other reasons,[7] supports Johnstone's position. If a preponderance of the evidence standard applies to proof of the underlying drug felony, we would have been required to analyze whether the proof of the conspiracy in *Hannah,* while it did not satisfy the reasonable doubt standard, satisfied the lower standard. Nonetheless, we held that as a matter of law the evidence on the § 843(b) count was insufficient because the defendant was acquitted of the underlying conspiracy—*i.e.* the conspiracy was not proved beyond a reasonable doubt.

Nor does our decision in *Pierorazio* provide support for applying a preponderance standard. In *Pierorazio,* we held that "proof of an underlying inchoate crime,

such as attempt or conspiracy under § 846, is sufficient to sustain a facilitation conviction under § 843(b)." 578 F.2d at 51. Also, after a thorough review of the record, we rejected the defendants' argument contesting the sufficiency of the evidence on conspiracy. *Id.* at 52. We did not, however, either state or imply that a preponderance standard applies to proof of the underlying offense under § 843(b).

In addition to *Rey,* the Court of Appeals for the Seventh Circuit recognizes a preponderance standard for proof of the underlying offense. In *United States Jefferson,* 714 F.2d 689 (7th Cir.1983), the court upheld the defendant's conviction for the use of a telephone to facilitate the possession and distribution of a controlled substance. Citing *Rey* and *Watson,* the court stated that "[i]t is ... true ... that the offense furthered by the use of the communication facility must be established at least by a preponderance of the evidence." *Id.* at 699. The court engaged in no further discussion.

The Court of Appeals for the Eighth Circuit also applies a preponderance of the evidence standard to the underlying offense alleged in a § 843(b) prosecution. In *United States v. Mims,* 812 F.2d 1068 (8th Cir.1987), the court stated that "[p]roof of the underlying offense ... must be shown by a preponderance of the evidence." *Id.* at 1077. The court referred to no legislative history. In addition to *Rey* and *Pierorazio,* discussed *supra,* the court cited *United States v. Russo,* 796 F.2d 1443 (11th Cir.1986), as support for its statement. However, in *Russo* the Court of Appeals for the Eleventh Circuit merely quoted the relevant passage of the *Rey* opinion. It provided no further support for

---

7. In *United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), the Court reversed the decision of the Court of Appeals for the Ninth Circuit and, relying on the inconsistent verdict doctrine, upheld the defendant's convictions for use of a telephone to facilitate a conspiracy to possess cocaine and the possession of cocaine, despite the fact that defendant was acquitted of those underlying offenses. In so holding, the Court stated that cases such as *Hannah* were contrary to the inconsistent verdict rule adopted in *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932).

The Court's rejection of *Hannah* for that reason, however, does not affect our conclusion that the underlying drug felony must be proved beyond a reasonable doubt. *Powell* refused to overturn verdicts where the defendant was convicted under § 843(b) but acquitted of the separate offenses which also served as the underlying drug felonies in the § 843(b) charge. *Powell* did not address the burden of proof issue presented here.

the application of a preponderance standard to the underlying offense.

Therefore, those federal appellate courts that have stated that the government need only prove the occurrence of an underlying drug felony by a preponderance of the evidence provide no convincing support either by analysis in case law or in the legislative history of § 843(b). Nor has our independent inquiry disclosed support in the sparse legislative history of § 843(b). There is no discussion concerning proof of the underlying drug felony. *See* H.R.Rep. No. 91–1444, 91st Cong., 2d Sess., pt. 1, at 48 (1970), *reprinted in* 1970 U.S.Code Cong. & Admin.News 4566, 4616.

Indeed, to recognize that proof of the underlying drug felony is essential for conviction under § 843(b), but to apply a preponderance of the evidence standard, contravenes the constitutional mandate recognized in *Winship* that every fact necessary to constitute the crime with which a defendant is charged must be proved beyond a reasonable doubt. *Compare Rey*, 641 F.2d at 224 n. 6; *Jefferson*, 714 F.2d at 699; *Russo*, 796 F.2d 1443; and *Mims*, 812 F.2d at 1077, *with Winship*, 397 U.S. at 364, 90 S.Ct. at 1072. As we stated in *United States v. Pine*, 609 F.2d 106 (3d Cir.1979),

> The requirement of proof beyond a reasonable doubt is a necessary and fundamental part of our system of criminal justice. Without such a requirement, the state would be free to impose its most severe sanctions when reasonable doubt remained as to the guilt or innocence of a person accused of a crime. In a system like ours which places great importance in the rights of the individual, such a result would be intolerable.

*Id.* at 107.

The jury instruction, therefore, incorrectly stated the government's burden of proof under § 843(b). *See Pine*, 609 F.2d at 108 ("district courts ... [must] not use language in instructions which can be understood as diluting or in any way impairing the constitutional requirement of proof beyond a reasonable doubt.").

In addition, Johnstone contends that the government failed to prove an actual distribution of methamphetamine—the underlying drug felony in counts twenty-seven and twenty-eight. The government concedes that the evidence of an actual distribution of methamphetamine did not satisfy the reasonable doubt standard. *See* Appellee's Brief at 13; Letter from the United States Attorney for the Eastern District of Pennsylvania (July 14, 1988). Therefore, we will reverse Johnstone's convictions under those counts and remand for entry of judgments of acquittal.

■ For reasons that follow, however, we will affirm Johnstone's conviction under count thirty-one. Unlike counts twenty-seven and twenty-eight, the drug felony underlying the § 843(b) violation alleged in count thirty-one of the indictment was conspiracy. Although the district court instructed the jury that a preponderance standard also applied to the underlying drug felony charged in count thirty-one, that instruction was harmless error.

The jury found Johnstone guilty of conspiracy as charged separately in count two of the indictment. The jury was properly instructed that it must find guilt beyond a reasonable doubt on all the elements of a § 846 conspiracy. Appendix for Appellant at 91, 93 (jury charge). In returning a verdict of guilty on count two, then, the jury of necessity found beyond a reasonable doubt that Johnstone had been involved in a conspiracy in violation of § 846. Because that conspiracy was the underlying drug felony alleged in count thirty-one, the district court's instruction was harmless error. *See United States v. Clemons*, 843 F.2d 741, 753–55 (3d Cir.1988) (citing *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)). Johnstone received the protection guaranteed by the Due Process clause. *See Winship*, 397 U.S. at 364, 90 S.Ct. at 1072.

### III. *Conclusion*

We will affirm Johnstone's convictions for conspiracy under count two and illegal use of a communication facility under count thirty-one. We will reverse his convictions under counts twenty-seven and twenty-eight for illegal use of a telephone

to facilitate the distribution of methamphetamine, and remand for entry of judgments of acquittal.