UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4301

MATTHEW LANE DRENNEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-95-27)

Submitted: March 25, 1997

Decided: September 5, 1997

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Yeager, Jr., Weirton, West Virginia, for Appellant. William D.
Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Matthew Lane Drennen of the unlawful use of a communication facility in causing and facilitating a drug felony in violation of 21 U.S.C. § 843(b) (1994), simple possession of methamphetamine in violation of 21 U.S.C. § 844(a) (1994), and being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g) (West Supp. 1997). Drennen raises four issues on appeal. First he alleges that conviction on a single count of possession of methamphetamine is insufficient to uphold a conviction for use of the mails to commit drug felonies in violation of 21 U.S.C.§ 843(b). Second, he argues that he did not validly waive his <u>Miranda</u> rights and the district court erred by improperly admitting statements he made after the alleged waiver. Third, Drennen argues that his consent to search a duffle bag containing a gun was invalid and he was not sufficiently in control of the gun for purposes of a conviction for possession of a firearm by a felon. Finally, Drennen argues that the Government did not have proper authority to remove a package containing methamphetamine from the mails and to hold it for a period of time. For the reasons below, we affirm.

I

Drennen argues that his conviction on a single count of possession of methamphetamine is not sufficient to uphold a conviction for "use of the mails to commit drug felonies," count nineteen as charged in the indictment. He argues that because he was not found guilty of any felony distribution or conspiracy charges, but merely an underlying offense of simple possession, his conviction on the communication facility charge cannot stand because the statute requires use in the commission of a felony.

Drennen filed a motion notwithstanding the verdict on the communications facility charge. The district court denied the motion, relying on <u>United States v. Powell</u>, 469 U.S. 57 (1984). The court found that, while the verdicts may be inconsistent, the verdict for count nineteen must stand. In <u>Powell</u>, the Supreme Court reaffirmed the rule it had established in <u>Dunn v. United States</u>, 284 U.S. 390 (1932), that a

2

criminal defendant convicted by a jury on one count cannot attack that conviction because the jury's verdict of acquittal on another count was inconsistent with the conviction. See Powell, 469 U.S. at 64-65.

While this court has not specifically addressed the issue of whether 21 U.S.C. § 843(b) requires a predicate felony conviction, we have upheld inconsistent verdicts in similar situations. See United States v. Harriott, 976 F.2d 198, 201-02 (4th Cir. 1992) (upholding convictions for crimes satisfying the subsequent acts requirement of a crime of which the jury acquitted the defendant); United States v. Tinsley, 800 F.2d 448, 450-51 (4th Cir. 1986) (upholding conspiracy and racketeering convictions even though the jury acquitted the defendant of the predicate offense charged); United States v. Polowichak, 783 F.2d 410, 417-18 (4th Cir. 1986) (upholding convictions for interstate travel violations when the jury acquitted the defendants of substantive acts that the interstate travel was intended to promote).

Drennen relies upon United States v. Dotson, 871 F.2d 1318 (6th Cir. 1989), amended on rehearing, 895 F.2d 263 (6th Cir. 1990), and United States v. Johnstone, 856 F.2d 539 (3d Cir. 1988), in making his argument. In Johnstone, the Third Circuit held that in order to support a conviction for the illegal use of a communication facility in the commission of a drug felony, "[t]he occurrence of the underlying drug felony is a fact necessary to finding a violation of § 843(b)" and "must be proved not by a preponderance of the evidence, but beyond a reasonable doubt." Johnstone, 856 F.2d at 543. In Johnstone, the jury instructions permitted a finding of the underlying drug felony by a preponderance of the evidence. The Third Circuit reversed the convictions for 21 U.S.C. § 843(b) violations because of the faulty jury instructions. Id. at 542-46. In Dotson , the Sixth Circuit addressed the burden of proof issue, but in doing so held that a § 843(b) violation requires commission of a predicate drug offense as a fact necessary to constitute the crime. See Dotson, 871 F.2d at 1321-22.

Drennen also argues that Powell should not apply because it applies to criminal cases with merely inconsistent verdicts and does not address the question of whether a conviction under § 843(b) requires a conviction of an underlying drug felony. Drennen's situation is very similar to the facts of Powell. Drennen's reliance on the

3

Johnstone and Dotson holdings regarding the burden of proof required for jury instructions is not persuasive in light of Powell, and the case law in this Circuit. We therefore hold that Drennen's verdict should stand.

II

Drennen argues that the district court erred by denying his motion to suppress the statements he made to the agents after his arrest. This court reviews the district court's ultimate conclusion de novo, but its factual findings are reviewed for clear error. United States v. Han, 74 F.3d 537, 540 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3807 (U.S. June 3, 1996) (No. 95-8891); United States v. Williams, 10 F.3d 1070, 1077 (4th Cir. 1993).

Drennen's argument relies upon the assertion that he requested counsel after an agent read him his Miranda rights. At the suppression hearing before the magistrate judge, Drennen testified that he asked for a lawyer and that he was forced to give a statement because the agents threatened to obtain a search warrant for his residence, his wife's residence, and his place of business. Agent Randolph and Trooper Kolas testified that Drennen did not request counsel. The waiver of Miranda rights that Drennen signed states "Do not wish to talk."

Drennen alleged that when the officers took him into custody one of them said something to the effect of "I've got you now, scumbag," that he was not allowed to leave the area in the post office where he was interrogated, and that the officers told him that he was in serious trouble. Inspector Randolph on cross-examination denied calling Drennen a scumbag and also denied advising Drennen that he would obtain a search warrant for Drennen's home and business. Trooper Kolas testified that he never heard anyone discuss a search warrant for Drennen's home or business. In addition, Drennen did not object to admission of the statements he made at a second interview almost a month after his arrest reiterating the details of his first statement or dispute their voluntariness.

The magistrate judge found that Drennen voluntarily made the statement and that there was no credible evidence which corroborated

4

Drennen's request for counsel or that the officers threatened to obtain the alleged search warrants. The district court affirmed the recommendation and ruled at trial and again in denying the Fed. R. Crim. P. 29 motion that the statements were properly admitted. The magistrate judge's recommendation clearly made a factual finding that Drennen did not request counsel.

It is uncontested that Drennen asserted his right to remain silent after Inspector Randolph read him his Miranda rights. Once that happened, Miranda required that the officers involved cease interrogation. Miranda v. Arizona, 384 U.S. 436, 473-74 (1966). The officers could reinitiate questioning only if Drennen's right to terminate the interrogation was "scrupulously honored." Michigan v. Mosley, 423 U.S. 96, 104 (1975). Even after the right to silence has been invoked, however, an officer may seek identifying information. United States v. Taylor, 799 F.2d 126, 128 (4th Cir. 1986).

After the defendant invokes the right to silence, an officer may advise the defendant to reconsider the decision. United States v. Smith, 608 F.2d 1011, 1014 (4th Cir. 1979). In Smith, the defendant stated that he did not wish to talk after he had been read his Miranda rights. He subsequently signed a waiver and made an incriminating statement. The reconsideration must be "'urged in a careful, non-coercive manner at not too great length and in the context that a defendant's assertion of his right not to speak will be honored.'" Smith, 608 F.2d at 1014 (quoting United States v. Collins, 462 F.2d 792, 797 (2d Cir. 1972)).

Trooper Kolas testified that he advised Drennen to reconsider his decision to invoke his right to silence. Kolas's discussion regarding the investigation and potential sentencing consequences was not coercive or lengthy; it was a short, simple explanation of the investigation and its consequences. Kolas also reiterated that Drennen had a right to an attorney. We therefore find that Kolas did not violate the requirements of Smith.

After a thorough review of the record, we find that the district court did not clearly err or make a mistake of law by admitting the statements.

5

III

Drennen's statement of the issue and argument regarding the search of the bag and seizure of the gun essentially raises three points. First, Drennen alleges that he did not validly consent to search of the duffle bag found in the bed of the truck. Second, he alleges that the search of the bag was not properly incident to arrest. Finally, in his statement of the issue, Drennen contends that he was not sufficiently in possession or control of the weapon to violate the prohibition against a felon possessing a firearm.

Searches and seizures conducted without a warrant are prohibited by the Fourth Amendment unless a valid exception to the warrant requirement applies. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Voluntary consent is an exception to the warrant requirement. Id. To determine whether consent to search is voluntarily given, the totality of the circumstances must be examined. Id. at 233. When viewing the totality of the circumstances, the characteristics of the defendant and the circumstances under which the defendant gave consent, and whether the defendant knew that he had a right to refuse consent should be considered. See United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996).

The voluntariness of the consent is a factual question which is reviewed by this court only for a finding of clear error. See Lattimore, 87 F.3d at 650. When the lower court bases its ruling on oral testimony heard at a suppression hearing, such as is the case here, the ruling may not be disturbed "unless it can be said that the view of the evidence taken by the district court is implausible in light of the entire record." Id. at 651.

After Drennen waived his right to silence and began answering the officers' questions, Inspector Randolph asked Drennen for permission to search the bag. Initially, Drennen declined to consent to the search. After Randolph told him that he would obtain a search warrant for the bag, Drennen agreed and advised that the officers would find a gun inside. Before the officers searched the bag, Drennen executed a written consent to the search. Drennen acknowledged that he understood his rights, and initially exercised them. From the trial transcripts it appears that only Inspector Randolph and Trooper Kolas were present

6

when they requested Drennen's consent. Drennen knew that he had the right to refuse as exhibited by his initial refusal. We find that the district court did not clearly err in finding that Drennen voluntarily consented to the search and properly admitted the gun.

In his statement of the issue, Drennen alludes to argument that he was not sufficiently in possession or control of the gun to be found as a felon possessing a gun. To the extent that Drennen raises this issue, it is without merit. "Knowing possession," under the relevant statutes, may be established by proving that the defendant was in constructive possession of a firearm. United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item, United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980), and has knowledge of the item's presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992). Knowledge may be inferred from possession, that is, dominion and control over the area where the contraband is found. United States v. Lochan, 674 F.2d 960, 966 (1st Cir. 1982).

Drennen exercised dominion and control over the area where the bag with the gun was located. He placed the drugs next to the bag. He was alone at the truck and leaning on the side of it beside the bag and the package containing the drugs. He knew that there was a handgun in the bag as evidenced by his statements to the officers. We find that this evidence is sufficient to support a conviction under 18 U.S.C. § 922(g).

IV

Finally, Drennen alleges that the government did not have proper authority to remove the package containing the methamphetamine from the mails and to hold it for a period of time before delivering it to Drennen. Drennen did not raise this issue before the district court, and he cannot do so for the first time now on appeal. Singleton v. Wulff, 428 U.S. 106, 120 (1976); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

Drennen's reply brief raises two additional issues not presented in his opening brief. An appellant's opening brief must raise all issues

on appeal and additional issues may not be asserted for the first time in the reply brief. <u>See</u> Fed. R. App. P. 28; <u>Hunt v. Nuth</u>, 57 F.3d 1327, 1338 (4th Cir. 1995), <u>cert. denied</u>, #6D6D 6D# U.S. ___, 64 U.S.L.W. 3466 (U.S. Jan. 8, 1996) (No. 95-6509). Therefore, we decline to review the additional issues not raised in the opening brief.

We therefore affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>