**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5210**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

AARON RILEY, a/k/a Fresh,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (2:04-cr-00011)

---

Submitted:  March 21, 2008          Decided:  April 25, 2008

---

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

---

Reversed and remanded by unpublished per curiam opinion.

---

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Riley was convicted by a jury of three counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and two counts of illegal use of a communication facility to distribute drugs, in violation of 21 U.S.C. § 843(b) (2000). On appeal, he challenges the sufficiency of the evidence to sustain his conviction on Count Five, charging illegal use of a communication facility to distribute drugs, in violation of 21 U.S.C. § 843(b) (2000). Because the evidence, viewed in the light most favorable to the Government, does not support a finding beyond a reasonable doubt that Riley used a telephone to facilitate the sale of cocaine on April 7, 2003, we reverse his conviction on Count Five and remand to the district court for resentencing.

In April 2003, Wayne Simms was working as a confidential informant for the West Virginia State Police. On the morning of April 3, Simms drove to a house in an area called Misty Terrace and met Riley. Riley sold Simms approximately 1.25 grams of cocaine, and they discussed the possibility of an additional sale later that day. That afternoon, Simms made a phone call to Riley to set up a second buy. The telephone call was controlled and recorded by the police. Simms returned to Misty Terrace, met Riley at the same location, and bought approximately .95 grams of cocaine. On April 7, Simms again returned to Misty Terrace and bought approximately 1.86 grams of cocaine from Riley. Because Simms wore a wire, the

evidence presented at trial included an audio recording of each of the three controlled buys, as well as an audio recording of the controlled phone call placed on April 3.

A defendant challenging the sufficiency of the evidence to support his conviction bears "a heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995).  In reviewing the sufficiency of the evidence, we determine whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  We review both direct and circumstantial evidence, and permit the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established."  Tresvant, 677 F.2d at 1021.  This court will uphold the jury's verdict if there is substantial evidence to support it, and will reverse only in those rare cases "where the prosecution's failure is clear."  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation omitted).

Because Riley failed to raise his sufficiency claim at trial via a Fed. R. Crim. P. 29 motion for judgment of acquittal, his appeal of this issue may be reviewed only for plain error.  See United States v. Wallace, 515 F.3d 327 (4th Cir. 2008).  Riley therefore must demonstrate:  (1) there was error; (2) the error was

plain, meaning obvious or clear under current law; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even if these criteria are met, the error will not be noticed unless it seriously affects the fairness, integrity, or public reputation of the proceedings. Id. at 736.

Count Five charged Riley with a violation of 21 U.S.C. § 843(b) in connection with the April 7 sale of cocaine to Simms. To obtain a conviction under § 843(b), the Government must prove the following elements beyond a reasonable doubt: (1) that Riley used a telephone; (2) to commit, cause or facilitate the commission of a drug offense; and (3) that Riley did so knowingly and intentionally. See United States v. Johnstone, 856 F.2d 539, 542-43 (3d Cir. 1988).

Riley correctly notes the Government failed to introduce any direct evidence of a phone call placed in connection with the April 7 cocaine sale. The Government recognizes its omission, but argues that a phone call can be inferred from five facts in evidence. First, that during the April 7 buy, Simms expressed a disappointed expectation in what Riley had available for sale. The Government argues this leads to a reasonable inference that a prior conversation occurred creating Simms' expectation. Second, the Government relies on Simms' testimony regarding the April 7 buy that he "went to the house . . . to make the buy . . . ." Here, the Government strains to suggest that because Simms expressed no

- 4 -

uncertainty, his testimony indicates a prior conversation between Simms and Riley must have occurred.

Third, the Government notes that Riley and Simms exchanged phone numbers during the April 3 buy, as Simms testified, so they could "contact one another on future buys." Fourth, the Government highlights that Riley and Simms were strangers to each other until they met on April 3[1] and that Simms lived out of town. Finally, the Government notes that, at the conclusion of their exchange on April 7, Simms said to Riley, "I'll give you a call."[2] These facts, the Government argues, indicate that the prior conversation must have occurred on the telephone.

Viewed in the light most favorable to the Government, we conclude no rational trier of fact could find beyond a reasonable doubt that Riley used a telephone to facilitate the sale of cocaine on April 7. Even if one could reasonably infer that some conversation took place prior to the controlled buy on April 7, it is no more likely that such conversation took place on the telephone than in person. The first buy on April 3 was made without prior arrangement by telephone. The second buy was made

---

[1]The Government makes no citation to the record for this proposition.

[2]Here again, the Government makes no citation to the record. This evidence is apparently part of the audio tape entered as Exhibit 4 at trial. That audio tape was not included in the joint appendix and is not before this court. No witness at trial repeated or confirmed this "I'll give you a call" statement from the audio tape.

with prior arrangement by telephone. The inferences created by the Government's evidence do not make the use of a telephone more likely than not, and certainly do not establish that critical fact beyond a reasonable doubt.

Even if a reasonable jury could infer that a phone call had occurred, there is no evidence to support a finding about the content of any such phone call. The evidence presented in this case stands in stark contrast to those cases in which we have found sufficient evidence supporting a conviction under § 843(b). See e.g., United States v. Pratt, 351 F.3d 131, 138 (4th Cir. 2003) (where "there is no dispute that a telephone was used," finding sufficient evidence that the phone call was used to set the final time for the transaction); United States v. Lozano, 839 F.2d 1020, 1023 (4th Cir. 1988) (where defendant "does not deny that he made a phone call," sufficient evidence that phone call used to announce his arrival in Virginia to handle problem related to cocaine).

Accordingly, we conclude that this is one of those rare cases "where the prosecution's failure is clear." Beidler, 110 F.3d at 1067. Because the evidence is insufficient to establish the use of a telephone to facilitate the controlled buy on April 7, we reverse Riley's conviction on Count Five and remand to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED