**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4860**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS L. WILLIAMS, a/k/a Michael Deans,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Henry E. Hudson, District
Judge. (3:08-cr-00133-HEH-2)

Submitted: April 7, 2010          Decided: April 30, 2010

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Frederick H. Marsh, HILL, TUCKER & MARSH, PLLC, Richmond,
Virginia, for Appellant. Dana J. Boente, Acting United States
Attorney, Peter S. Duffey, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas L. Williams was convicted of conspiracy to distribute cocaine base, 21 U.S.C. § 846 (2006) (Count One), and use of a communication facility in the commission of a felony drug offense, 21 U.S.C. § 843(b) (2006) (Count Two). He was sentenced to 145 months on Count One and forty-eight months, concurrent, on Count Two. Williams now appeals his convictions. We affirm.

I

Williams contends that the district court erroneously denied his motion to impeach prosecution witness Derrick Christian with a conviction that was over ten years old. Under Fed. R. Evid. 609, evidence of a prior conviction punishable by more than one year of imprisonment is admissible for impeachment purposes "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). If, however, "a period of more than ten years has elapsed since the date of the conviction . . . ," evidence of the conviction is inadmissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Impeachment using remote

2

convictions is permitted "very rarely and only in exceptional circumstances." United States v. Cavender, 578 F.2d 528, 530 (4th Cir 1978). "We review a district court's evidentiary rulings for abuse of discretion and subject such rulings to harmless error review." United States v. Johnson, 587 F.3d 625, 637 (4th Cir. 2009).

Here, we conclude that the district court did not abuse its discretion in refusing to allow the impeachment of Christian using a twelve-year-old conviction. Williams failed to show that the conviction bore special significance worthy of excepting it from the general rule barring the use of remote convictions to impeach witnesses.

II

Williams next contends that there was insufficient evidence to convict him. A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is that evidence which a 'reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

To convict Williams of conspiracy to distribute cocaine base under 21 U.S.C. § 846, the Government had to establish beyond a reasonable doubt that: (1) two or more persons agreed to distribute cocaine base; (2) Williams knew of the conspiracy; and (3) he "knowingly and voluntarily became a part of" the conspiracy. See United States v. Yearwood, 518 F.3d 220, 227 (4th Cir.) (internal quotation marks omitted), cert. denied, 129 S. Ct. 137 (2008). To convict him of a violation of 21 U.S.C. § 843(b), the Government had to establish that Williams: (1) used a communication facility (here, a telephone); (2) used the communication facility to facilitate the commission of a drug offense; and (3) did so knowingly and intentionally. See 21 U.S.C. § 843(b); United States v. Johnstone, 856 F.2d 539, 542-43 (3d Cir. 1988).

Christian testified that he began purchasing cocaine from Bailey Daniels in 2006. Daniels introduced Christian to Williams, whom Daniels described as "my boy" and "my stickman." Typically, Christian called Daniels to place an order for drugs, Daniels had Williams call Christian to make arrangements to consummate the deal, and Williams and Christian then met in a pre-determined location to complete the transaction.

By July 2007, Christian was working with law enforcement officers, and a controlled purchase of cocaine base was arranged. Several days before the July 19 transaction,

4

Christian contacted Daniels to discuss the purchase of 125 grams of the drug for $4000. Recordings of telephone conversations between Christian and Daniels and between Christian and Williams related to the transaction were played for the jury.

It was initially agreed that Williams and Christian would meet in Jarrett, Virginia, to complete the deal. Christian testified that, while en route to Jarrett, Williams called him and told him that the location had changed to a Waffle House in Roanoke Rapids, North Carolina. The reason given was that Daniels had said he liked the Waffle House.

Law enforcement agents placed the Waffle House under surveillance, and a videotape of the transaction was played at trial. Christian identified his car as it pulled into the parking lot and said that he was the person seen exiting his car and getting into Williams' vehicle. Christian testified that Williams was the occupant of that vehicle and that he paid Williams for the cocaine base, as arranged. Christian left the area and turned the drugs he had purchased from Williams over to the authorities.

The above evidence is sufficient to establish the existence of a conspiracy between Williams and Daniels to distribute cocaine base. Further, the evidence was sufficient to convict Williams of using a communication facility (a telephone) to facilitate a felony drug crime. In addition to

5

the above evidence, a Drug Enforcement Agent testified about telephone records in the names of Denise Daniels, Bailey Daniels' mother, and Chemeka Williams, Timothy Williams' wife. The telephone numbers corresponded with the numbers Christian called when he wanted to communicate with Daniels or Williams about drug transactions. On July 19, records showed that whenever Christian called Williams, the call was either immediately preceded by, or followed by, a call between the Williams and Daniels telephones.

<h2 style="text-align:center">III</h2>

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED