**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4381**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ERIC SMITH, a/k/a Capone, a/k/a Pone,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Jerome B. Friedman, Senior District Judge.   (4:08-cr-00147-JBF-FBS-14)

Submitted:  April 29, 2011            Decided:  May 18, 2011

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harry D. Harmon, Jr., Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Howard J. Zlotnick, Assistant United States Attorney, Matthew Vaughan, Third Year Law Student, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Smith was convicted by a jury of conspiracy to possess with intent to distribute marijuana and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846 (2006), and three counts of using a communication facility to facilitate a felony drug offense, in violation of 21 U.S.C. § 843(b) (2006). The district court imposed a life sentence on the drug conspiracy, with three concurrent forty-eight-month sentences for the three convictions for using a communication facility to facilitate a felony drug offense. On appeal, Smith challenges the sufficiency of the evidence. Specifically, he contends that the witnesses against him were all convicted drug dealers who testified in exchange for a reduction in their sentences, and their biased and incredible testimony was insufficient, as a matter of law, to support his convictions. We affirm.

We review de novo a district court's denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). A jury verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial

2

evidence.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006).  Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Id. (internal quotation marks omitted).  "[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented."  Beidler, 110 F.3d at 1067 (internal quotation marks omitted).  "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear."  Id. (internal quotation marks omitted).

To establish Smith's guilt under 21 U.S.C. § 846, the evidence must show that: (1) an agreement to possess and distribute cocaine and marijuana existed between two or more people; (2) Smith knew of the conspiracy; and (3) Smith knowingly and voluntarily became a part of the conspiracy. United States v. Kellam, 568 F.3d 125, 139 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009).  Since a conspiracy by its nature is clandestine and covert, a conspiracy charge is usually proven by circumstantial evidence.  United States v. Yearwood, 518 F.3d 220, 225 (4th Cir. 2008).  Evidence tending to prove a conspiracy may include a defendant's relationship with other members of the conspiracy, and the existence of a conspiracy may be inferred from a development and collocation of circumstances.

3

United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc). "Circumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." Id.

To establish Smith's guilt under 21 U.S.C. § 843(b), the evidence must show that Smith: (1) used a communication facility (here, a cellular telephone); (2) used the communication facility to facilitate the commission of a drug offense; and (3) did so knowingly and intentionally. 21 U.S.C. § 843(b); United States v. Johnstone, 856 F.2d 539, 542-43 (3d Cir. 1988).

After reviewing the record, we conclude that the evidence was sufficient for the jury to conclude beyond a reasonable doubt that Smith was guilty of conspiracy to possess with intent to distribute marijuana and five kilograms or more of cocaine, and of using a communication facility to facilitate a felony drug offense on three occasions. Smith's challenge to the credibility of the Government's witnesses is unavailing, as we do not review a jury's credibility determinations on appeal. United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED